Wells *v.* Thorman.

WILLIAM WELLS AND ANOTHER *vs.* PHILIP THORMAN AND WIFE.

The law is well settled in this state that a married woman may contract debts, and where such is her intention may render her separate property liable in equity for their payment.

A husband who was bankrupt, with the consent of his wife, who had separate property, carried on business in her name, and represented himself as trustee for her. As such trustee he took a lease of a store and contracted with the plaintiffs to make certain alterations in it. The work was done with the knowledge and consent of the wife and for the benefit of the leased property, and part payment was made in checks signed in her name. Held, in a suit in equity to charge the separate property of the wife with payment, that the wife must be regarded as having intended so to charge her separate estate, and had so charged it.

And held that the decree should be that payment be made from the personal property of the wife, and not from her real estate.

BILL IN EQUITY to charge the separate property of the re-spondent Leonora Thorman, the wife of the other respondent, with the payment of a bill for work upon a store of which she was lessee and occupant; brought to the Superior Court in New Haven County. The following facts were found by a committee.

On the first day of August, 1868, and for a long time pre-vious thereto, Philip Thorman and Leonora Thorman the respondents, who were husband and wife, were doing business under the name of L. Thorman. She had property in her own right; he was at the time and has remained a bankrupt. In doing business under the name of L. Thorman, Philip Thorman represented himself as trustee for Leonora Thor-man, and acted as such trustee.

On the 25th day of February, 1868, James Gallagher leased a store to Philip Thorman, as trustee of the estate of his wife. Both entered into possession of the premises about May 1st, 1868, and have ever since been in possession.

About the first of August, 1868, Philip Thorman, act-ing as trustee for his wife, entered into a parol contract with Wells & White, the petitioners, to put a new front in the store and to alter and fit it up for her. The petitioners per-

formed their part of the contract, and furnished work and materials to the amount of $562. Philip Thorman, as trustee, paid to them for such work and materials, $175, payments being made in checks signed " Leonora Thorman ;" and there remains due to them for such work and materials, $387.11, with interest $18.06, amounting in all to $405.17. The work and materials were furnished with the knowledge and consent and at the request of the wife, and for the benefit of her estate.

Upon these facts the court (*Sanford, J.,*) passed a decree that the balance due the petitioners ($405.17), with costs, should be paid to the petitioners from the property of the respondent Leonora Thorman. The respondents brought the record before this court by a motion in error.

*Doolittle,* for the plaintiffs in error.

*Pardee,* for the defendants in error.

PARK, J. We think there is no error in the judgment complained of, except in the form of the decree passed by the court.

The law is well settled in this state, that a married woman may contract debts, and, where such is her intention, may render her separate property liable in equity for the payment. 2 Swift Dig., 141 ; Reeve's Dom. Rel., 260 ; *Donalds* v. *Plumb,* 8 Conn., 447 ; *Imlay* v. *Huntington,* 20. id., 146 ; *Leavitt* v. *Beirne,* 21 id., 1.

It appears clearly from the record in this case that Leonora Thorman, one of the respondents, contracted this debt, and intended to charge and did charge her separate estate with the payment of it. She made a contract with the petitioners through her husband acting for her at her request ; and the work was performed for the benefit of her separate estate, and it had that effect ; and while the work was progressing, or since its completion, she paid a large part of the petitioners' original claim out of her own estate. We deem these facts sufficient to charge, in equity, her separate estate.

The statute of 1849 in regard to the rights of married women, does not debar the petitioners' right to recover. There was no sale or transfer of the estate of the wife in this transaction, neither was there of the husband's interest therein; hence the statute has no application to the case.

We think therefore there is no error so far as the merits of the case are concerned; but we think there is in the form of the decree.

The decree should have directed that the sum of four hundred and seventy dollars and forty-nine cents should be paid to the petitioners from the *personal property* of the respondent Leonora Thorman, and that execution should issue to be levied on that property, but not on her real estate.

We think so far there is error in the form of the decree, and the judgment is therefore reversed, and the case remanded to the Superior Court.

In this opinion the other judges concurred.