| 39 | 357 |
|----|-----|
| 60 | 481 |

## JAMES E. HAYT, TRUSTEE, vs. JONAH PARKS.

As a general rule, if it is intended that a married woman shall hold real estate conveyed to her, to her sole and separate use, that intention must appear upon the face of the deed.

Where under the common law the rents and profits of the wife's real estate go to the husband as his own, he can relinquish them to her, in which case they will vest in her free from any control by him.

And where the wife's right to receive certain rent from a lessee depended upon the question whether the husband had by his acts relinquished his right to her, a charge was·held erroneous that did not submit this question to the jury as a vital one in the case.

Whether the husband, under our statutes, takes the rents and profits of the real estate of the wife as her trustee: *Quære.*

ASSUMPSIT for use and occupation and for money had and received; brought to the Court of Common Pleas of Fairfield

County.  The plaintiff sued as trustee of Emily K. Bailey, a married woman, under the statute, by appointment of the court of probate in the place of Halcyon G. Bailey, her husband, who was removed from the trusteeship by the court. The case was tried to the jury, upon the general issue, with notice, before *Pardee,* judge of the Court of Common Pleas of New Haven County, sitting in the place of *Brewster,* the regular judge.

On the trial the plaintiff laid in a warranty deed of the premises from Halcyon G. Bailey to one Keeler dated March 28th, 1866, and a quit-claim deed of the same premises, executed at the same time, from Keeler to Emily K. Bailey ; also a lease of the premises to the defendant, executed in duplicate by the said Halcyon and Emily and by the defendant, dated March 18th, 1868, for a term of three years from April 1st, 1868, at a rent of $250 a year, payable quarterly ; also the record of the proceedings of the court of probate, removing the said Halcyon and appointing the plaintiff trustee of said Emily, the petition being dated May 14th, and the final order May 31st, 1869.

It was agreed that one copy of the lease was left in the hands of said Emily, and that immediately after the execution thereof said Halcyon directed the defendant to pay the rent to his wife.  But the defendant claimed to have proved by the testimony of said Halcyon that this was because he was disabled by ill health from attending to his business.  He also claimed to have proved that before the fourth quarter's rent became due the husband had forbidden the defendant to make further payments to any one but himself, and it was agreed that the defendant so notified the said Emily as soon as she applied to him for the fourth quarter's rent.

The defendant offered evidence to prove, and claimed to have proved, that two or three days before the fourth quarter's rent became due the said Emily came to him and represented that she needed the money to pay bills, and promised that if any trouble to him should grow out of his paying it to her she would pay it back, and thereupon he paid her the $62.50; that, a few days after, the said Halcyon asked him if he had

paid her, and he answered " No," and that he then called on her to pay back the money, which she did; and that after the hearing before the probate court, but before the decision, the defendant paid the money to the said Halcyon, taking his receipt therefor.

The plaintiff offered evidence to prove, and claimed that he had proved, that the defendant, a few days after the payment to the said Emily of the fourth quarter's rent, came to her and promised that if she would pay it back to him he would keep it, and that if she succeeded in procuring the removal of her husband as trustee, and the appointment of another, he would repay it to her; that the defendant was present as a witness in the probate hearing as to the trustee; that the decision was reserved several days, and that as soon as it was rendered she went to the defendant, informed him of the result, and demanded the repayment, and was then informed by him that he had paid it to her husband the day before; that the plaintiff as trustee made a like demand as soon as he was qualified; and that the defendant had received an indemnity from the husband.

The plaintiff claimed to recover on the common counts for the money paid back as aforesaid.

The defendant asked the judge to charge the jury that if they should find that the fourth quarter's rent was paid to Halcyon G. Bailey, before the appointment of the plaintiff as trustee, their verdict on the common counts should be for the defendant. But the judge did not so charge the jury, but charged them as follows:—" It is for you to decide from all the evidence what are the facts on this point of the case. If Mrs. Bailey paid the defendant $62.50, on his promise to pay the money back to her upon the appointment of a new trustee, that was a good consideration for the promise, and the plaintiff is entitled to recover it back on the common counts. I regard that payment by him, knowing of the dispute between the husband and wife, as a payment to her sole and separate use. But if she paid it back in fulfillment of her promise so to do, and not upon his promise to repay, your verdict on the common counts should be for the defendant."

The defendant, by his counsel, then reminded the judge of his request to charge that if, after Mrs. Bailey had paid it back, the defendant had paid it to her husband, then her lawful trustee, the plaintiff could not recover. But the judge replied to the counsel, in presence of the jury, that he had purposely omitted so to charge, because, if the jury should find a promise as claimed by the plaintiff, it should, under the circumstances, be regarded as a promise to pay to her sole and separate use, and exclusive of any claim of the husband, and that a subsequent payment by him to the husband would be in fraud of·her rights, in his own wrong, and one of which he could take no advantage in this case.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial for error in the charge of the court.

*White*, in support of the motion.

*Averill* and *Tweedy*, contra.

CARPENTER, J.  The plaintiff sues as trustee for Emily K. Bailey, a married woman, to recover money which accrued as rent of certain real estate belonging to her. The real estate was conveyed to her from her husband, through a third person, by deeds in the ordinary form. It is not expressed to be to her sole and separate use, nor does it appear that the deed to her was in consideration of money or other property acquired by her personal services during coverture. As a general rule, if it is intended that a married woman shall hold real estate conveyed to her, to her sole and separate use, that intention must appear upon the face of the deed. *Plumb* v. *Ives*, 39 Conn., 120. Nothing appears in this case to make it an exception to the rule. The husband's interest in the property therefore must be determined by the principles of the common law, which gives him the rents and profits as his own.

It was competent however for him to relinquish to her his right to the rents, in which case they would vest in her free from any control by him. Whether he did so or not was the

---

Hayt *v.* Parks.

---

principal question in the case, and the one upon which the result depended. If that question is answered in the affirmative, then the payment of the rent to the wife in the first instance discharged the debt, and the subsequent receipt of the money by the defendant was a good consideration to support his promise. And his subsequent payment to the husband, with knowledge of the facts, and that such payment would operate to defeat the rights of the wife, ought not to prevail as a defense to the action.

But if that question is answered in the negative, then the payment to the wife under the circumstances did not discharge the debt, and it was her duty to return it. Her doing so, therefore, was no consideration for his promise to repay her; and that of itself, independent of the subsequent payment to the husband, would be a defence to this action.

By a reference to the motion for a new trial it will appear that the court submitted the case to the jury upon the question whether the wife, when she paid the money back to the defendant, did so in pursuance of her prior promise to that effect, or upon his promise, then made, to retain the money until the decision of the court of ˊ ᵇate, and, in case of the removal of the husband, to repay it ᵥ. the wife; thus ignoring the vital question in the case, and leading the jury to make up their verdict upon a question of minor importance, and which was in one event wholly immaterial.

It is evident that the verdict of the jury did not determine the real merits of the cause, and a new trial must be advised.

It seems to have been assumed in the court below that the husband under our statute holds the real estate of the wife, or rents and profits arising from real estate, in trust for the wife. Whether this is so or not we are not now called upon to determine. That is a question of some importance, and we do not wish to be understood as intimating any opinion in respect to it.

In this opinion the other judges concurred; except FOSTER, J., who did not sit.