ELLEN BUCKINGHAM, EXECUTRIX, *vs.* HARRIET MOSS.

The act of 1872, which provides that "actions at law may be sustained against any married woman, upon any contract made by her upon her personal credit, for the benefit of herself, her family or her estate," applies to such contracts made before the passage of the act as well as to those made after.

ASSUMPSIT for goods sold ; brought to the Court of Common Pleas for New Haven County.  The defendant pleaded that she was, at the time the goods were furnished, and had ever since been, a married woman, living with her husband, and that as such she was not liable for the goods, and if liable, that an action at law could not be maintained against her. The court (*Pardee, J.*) found the facts and rendered judgment for the defendant, and the plaintiff moved for a new trial for error in a ruling of the court.  The case is fully stated in the opinion.

*H. B. Munson,* in support of the motion.

*Wooster* and *Torrance,* contra.

FOSTER, J.  The cause of action in this case accrued prior to the passage of the act of 1872, entitled "An Act in addition to an Act concerning the Domestic Relations."  Laws

of 1872, p. 96. The defendant denies all liability under our law as it previously stood, and insists that this act should operate prospectively only; that to give it a retroactive effect would do violence alike to the intention of the legislature and to well established rules adopted in the construction of statutes. Hence the defendant claims that no recovery can be had against her.

The facts in the case are few and simple. The defendant was a married woman; she owned and carried on a farm in the town of Seymour, where she resided with her husband and her children of a former marriage. The husband had little or no visible means of support, and had been specifically refused credit by the deceased Mr. Buckingham, of whose estate the plaintiff is executrix. The goods, (meat is the only article named,) were furnished for the defendant, on her separate personal credit and account, and went for the support of herself and family. All the items for which a recovery is sought are found to have been necessaries. The husband was absent from the state at the commencement of this suit, and has been so absent to the present time.

We should consider the laws of a community most lamentably defective, if a woman, situated as this defendant was, could make no contract which could be enforced against her, or against her estate, to procure for herself and her children the necessaries of life. Had she been actually destitute, the public authorities must have provided for her, but, as she owned a farm, the doors of the alms house, not always a very desirable refuge, were closed to her. Pitiable indeed was her situation, if the ground taken by the defence is tenable.

Married women at common law are no doubt subject to some disabilities, but we are aware of none so grevious as this. By our law a feme-covert certainly may contract debts, and, where such is her intention, may render her separate property liable in equity for their payment. Indeed, in a court of equity a feme-covert is possessed of the power of a feme-sole in the use and disposition of her separate property.

*Donalds* v. *Plumb*, 8 Conn., 447 ; *Imlay* v. *Huntington*, 20 Conn., 146 ; *Leavitt* v. *Beirne*, 21 Conn., 1 ; *Wells et al* v. *Thorman et ux.*, 37 Conn., 318. These authorities are abundant to show that this plaintiff could have enforced this claim in equity against the separate estate of this defendant, prior to the passage of the act of 1872, above referred to. Now the act of 1872 was not intended to create, and we think did not create, any new liability. It imposes no duty, no obligation, which did not previously exist. It simply changes the form of the remedy. The party plaintiff, in cases of this description, is authorized to proceed on the law, instead of the equity, side of the court. This change seems to us quite as beneficial to defendants as to plaintiffs, for it gives defendants, at their election, a trial by jury, where none previously existed. The act of 1869 provides that whenever any married woman shall carry on business, and shall incur any debt or obligation on account of the same, she may be sued, &c., and her property taken in attachment and execution, as if she were unmarried. This act is clearly prospective, and applies only to such portions of the present claim as accrued after its passage. The act of 1872 applies as well to contracts already made as to those to be made, and is, to that extent, retroactive ; but it is not retroactive in the obnoxious sense claimed by the defendant. It is, as we have said, merely a change in the form of the remedy, and touches not at all the question of liability. The provision that the act shall affect no suit then pending, is a clear implication that it shall affect those thereafter to be brought ; that is to say, this form of remedy shall be adopted in all suits to be brought against any married woman, upon any contract made by her upon her personal credit, &c., &c. We think the decision in the court below cannot be sustained, and the motion for a new trial is therefore granted.

In this opinion the other judges concurred.