## Case No. 17,725.

### WILLIAMS v. KING.

[13 Blatchf. 282; 43 Conn. 569.] [1]

Circuit Court, D. Connecticut. March 27, 1876.

#### CONTRACTS OF MARRIED WOMEN—STATUTORY SEPARATE ESTATE.

1. A woman married in Connecticut, in 1864, executed there, in 1868, a promissory note, which was made and signed by her alone. The consideration for the note was the sale to her, by the payee, of some shares of stock in a corporation. At the time of her marriage she had real and personal property, part of the latter consisting in stocks of corporations, some of which were sold after her marriage, and the proceeds were reinvested in other stocks, both before and after the note was executed, so that the value of the property was not diminished. The shares of stock purchased or subscribed for were issued to her in her own name, and the subscriptions therefor, when made, were made by her husband acting as her attorney. There was no settlement to her separate use of the property she owned at her marriage, nor had any of her after-acquired property been conveyed to her in consideration of her personal services during coverture. In a suit at law brought against her to recover the amount of the note: Held, that, at the time of the execution of the note, she had separate property, under the statutory system of Connecticut in regard to the property of married women, which was intended to be, and was, bound by her contract, and that the plaintiff was entitled to recover.

2. Under an act passed in Connecticut, in 1872, a married woman may be sued at law for a cause of action on which she would previously have been liable in equity.

3. Where a married woman who has a separate estate enters into a contract for its benefit, or for her exclusive benefit, it will be presumed that such contract was made upon the credit of her estate.

4. A debt contracted for the purchase of property which goes into the actual or constructive possession of the purchaser, is a debt contracted for the benefit of his estate.

5. The statute of Connecticut in regard to the personal property of married women, construed.

6. Whether real estate in Connecticut, conveyed to a married woman without words indicating that it was conveyed to her sole use, is to be considered as her separate estate, quere.

[Action by Charles B. Williams against Belinda M. King on a promissory note.]

Alvan P. Hyde, for plaintiff.

Edward W. Seymour and John S. Beach, for defendant.

SHIPMAN, District Judge. This is an action of assumpsit against a married woman, to recover the amount of a negotiable promissory note for the sum of $2,500, made and signed by her alone, dated December 17th, 1868, and payable eighteen months after its date, to the order of William C. Hurd, and by him endorsed to the plaintiff. The defendant executed this note in consideration of the sale to her, by the payee, of certain shares of the corporation known as the Silix Lead Company. The case was tried by the court upon the following agreed statement of facts: "The defendant was married November 2d, 1864, to O. B. King, of Watertown, Connecticut, with whom she has ever since lived as his wife. She executed the note in question at said Watertown, upon the day of its date, to wit, December 17th, 1868, for the consideration stated in the declaration. At the time of her marriage, she was possessed of property, real and personal, exceeding in the aggregate twenty thousand dollars. A portion of the personal property consisted of stocks in sundry incorporated companies, some of which stocks have been sold since her marriage, and reinvestments made of the avails thereof in other stocks, both before and since the execution of said note, which reinvestments have

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

not diminished the value of the property owned by her at the time of her marriage. In making the reinvestments, the shares of stock purchased or subscribed for have been issued to the wife in her own name, and the subscriptions therefor, when made, were made by her husband acting as her attorney. None of the property owned by her at the time of her marriage had been settled to her sole or separate use, nor has any of her property, since acquired, been conveyed to her in consideration of her personal services during such coverture."

The general assembly of the state of Connecticut passed, in the year 1872, the following act: "Actions at law may be sustained against any married woman upon any contract made by her, upon her personal credit, for the benefit of herself, her family, or her estate, * * * in the same manner as if she were sole, single and unmarried." It is admitted that this act simply changed the form of the remedy for liabilities which had been, or should be, incurred by married women, and did not create any new liability, and, therefore, applied to pre-existing contracts. Buckingham v. Moss, 40 Conn. 461. The statute authorized an action at law against a married woman for the same cause of action upon which she would previously have been liable in equity. Another act had been passed in 1869, in regard to suits against married women, but, as that act was clearly prospective, its effect need not here be considered.

The general question which is now to be determined is, whether, under the statutory system of Connecticut in regard to the property of married women, as that system existed in 1868, a bill in equity could have been maintained against the defendant, to enforce payment of this note from her real or personal property? "The separate estate of a married woman will, in equity, be held liable for all the debts, charges, incumbhances, and other engagements which she does expressly, or by implication, charge thereon." 2 Story, Eq. Jur. § 1399. Her separate estate is, by implication, charged with the payment of debts contracted for the benefit of the estate, or for her own benefit, and upon her personal credit. Whether the contract was made upon her personal credit depends upon the circumstances of the case; but it is not necessary that the contract should make any reference to the separate estate, and it is presumed that a contract entered into by a married woman having a separate estate, for its benefit, or for her exclusive benefit, has been contracted upon the credit of her estate. Corn Exchange Ins. Co. v. Babcock, 42 N. Y. 613, 638; North American Coal Co. v. Dyett, 7 Paige. 9; Ballin v. Dillaye, 37 N. Y. 35; Mrs. Matthewman's Case, L. R. 3 Eq. 781. The Connecticut statute, which was intended to be in affirmance of the equity principles of the common law, declares the liability of a married woman to be "upon any contract made by her upon her personal credit, for the benefit of herself, her family, or her estate." The contract which is now in suit is a note entered into by a married woman, for the purchase price of stock which she had herself bought. A debt contracted for the purchase of property which goes into the actual or constructive possession of the purchaser, is a debt contracted for the benefit of his estate. Ballin v. Dillaye, 37 N. Y. 35. These principles being admitted, the question upon which the parties are at issue is, whether the defendant had or had not any separate estate which could be bound or held liable for the payment of her note. If she had none, her contract was invalid in law and inoperative in equity. If she had separate estate, it is admitted that the contract was, in equity, valid and inoperative.

The statute of Connecticut which was in force in 1868, in regard to the personal property of married women, provided, in substance, that "all the personal property of any woman married since the 22d day of June, 1849, and all the personal property thereafter acquired by a married woman, and the avails of any such property, if sold, shall vest in the husband, in trust for the following uses—to receive and enjoy the income thereof during his life, subject to the duty of expending from such income so much as may be necessary for the support of his wife, during her life, and of her children during their minority, and to apply any part of the principal thereof which may be necessary for the support of the wife, or otherwise, with her written assent, and, upon his decease, the remainder of such trust property shall be transferred to the wife if living, otherwise, as the wife may, by will, have directed, or, in default of such will, to those entitled by law to succeed to her intestate estate." The rights in the personal property of the wife, which are conferred upon the husband by this statute, are a modification of the rights which were vested in him by the common law. He formerly had an absolute estate; he now has a trust estate, with the right to receive and enjoy the income during his life, which income must, however, be appropriated, if necessary, to the support of his wife and minor children. This peculiar statutory estate is very far from being a sole and separate estate of the wife, which is defined to be that estate, either real or personal, which is settled upon the wife for her separate use, without any control over it on the part of her husband. Butler v. Buckingham, 5 Day, 492. The husband is vested with the trust estate, and the legal title to her personal property, by virtue of his position as husband. He is not trustee to her sole and separate use, but receives and enjoys the income during his life. By virtue of the marital relation, he has the custody and control of the property, and of the rents and income thereof, until he is removed from the trusteeship for cause, or until he abandons his wife, and, in the latter event only, does the property vest in her as her sole estate. If the wife could, during the

trusteeship of the husband, bind the trust property by her own obligations, the checks which the statute has attempted to place upon her right to the enjoyment of the property during her life, would be of very little avail. The intent of the statute was to modify the severity of the common law, and preserve her personal estate for her heirs, but not to place it within her control as her separate estate, unless by the agreement of the parties. Chief Justice Seymour, in Cooke v. Newell, 40 Conn. 596, defines the nature of the estate which is created by the statute, as follows: "The statute limits the rights of the husband in his wife's property, but does not deprive him of all rights. It leaves him the income and profits of it, and, except so far as specially restrained, he has the care, management, and control of it during his life. The trust is, therefore, not to the sole and separate use of the wife, free from the control of her husband. She has not that control of it which she has in equity of her separate estate." It follows, that the personal property which is vested in the husband, as trustee, and the title of which has never become divested, is not bound by the wife's contracts.

But, by ante-nuptial or post-nuptial agreement, the wife's property may be settled upon her to her separate use, freed from the trust. The husband may, after marriage, give his own property to the wife, when the rights of creditors do not interfere, in which case she will take a sole and separate estate. The husband will have thereafter, by virtue of the statute, no such use or life estate in the property so given, as would be vested in him in respect to personal property given to the wife by a third person, without words indicating that it was to her sole use. If an absolute gift is made to her by the husband, it is to her exclusive use, although words of exclusiveness are not used, and he cannot resume the use or control of the property by force of the statute. He will be her trustee under the general rules of equity, if necessary to preserve the title to the property, but not under the statute. Riley v. Riley, 25 Conn. 154; Deming v. Williams, 26 Conn. 226; Baldwin v. Carter, 17 Conn. 201. The husband may, also, by clear and unequivocal acts, free the property of the wife from the trust which the statute has created, divest himself of the estate which he has in consequence of the marriage, and give to the wife the entire estate and right to the income, so that, as to the personal property which he has thus transferred, while the legal title may remain in him, she will have a sole and separate estate. Merely permitting the title of stocks or bonds to remain in her name, or permitting her to collect interest or dividends, without any other circumstances to indicate his intention, would not show that the trust was waived. But if, in addition, he permits the wife to manage the property as her own, to change its character, to sell it and invest the proceeds in her name,

or, if he transfers the stock to her, giving her a certificate in her own name, by these and like acts he furnishes the clear and satisfactory evidence which the law requires, of his intention to relinquish all his claims to her property and to give to her its complete control. Smith v. Chapell, 31 Conn. 589; Jennings v. Davis, 31 Conn. 134; Mason v. Fuller, 36 Conn. 160; Hayt v. Parks, 39 Conn. 357.

The summary of facts in this case states, that a portion of the personal property which the defendant owned at the time of her marriage consisted of stocks in incorporated companies, some of which have been sold since her marriage, and reinvestments made of the avails thereof, both before and since the execution of the note in suit. "In making the reinvestments, the shares of stock purchased or subscribed for have been issued to the wife in her own name, and the subscriptions therefor, when made, were made by her husband acting as her attorney." It thus appears, that, before the execution of this note, the purchased stocks were issued to the wife in her own name, although the statute provides that all reinvestments shall be made in the name of the husband, as trustee. But, a more significant and unequivocal act, indicating an intent upon the part of the husband to abandon the trust estate, as to a portion, at least, of the property, and give to the wife the interest which he had in that portion, is the fact that the subscriptions for new stock were made by the husband acting not as trustee, but as her attorney. These subscriptions, being made by her attorney, must have been made in her name, and the certificates must also have been issued to her in her name, by the direct agency of her husband acting in her behalf. These positive acts of the husband leave no doubt, under the Connecticut decisions in regard to the statutory status of the wife's property, that he had given to her the entire control of so much, at least, of the personal property as he had then deliberately subscribed for in the name of the wife, and, therefore, that, at the time of the execution of the note, she had separate property, which was intended to be, and was, bound by her contract made for the benefit of her estate.

It is not necessary to decide whether the real estate was the separate property of the wife. The brief statement of facts does not show whether the real estate was situated in Connecticut or not, but it is inferred that it was situated in this state. As it is a question of importance, whether, under the statutes of Connecticut, real estate which has been conveyed to a married woman without words indicating that it was conveyed to her sole use, is to be considered as her separate estate, and as it is a question not necessary to be now decided, I express no opinion upon this branch of the case.

Let judgment be entered in favor of the plaintiff.