## GEORGE L. ROCKWELL, TRUSTEE, *vs.* MERLIN F. CLARK.

Under the statute (Gen. Statutes, tit. 19, ch. 5, sec. 11,) which provides that "when any married woman shall carry on any business, and any right of action shall accrue to her therefrom, she *may* sue upon the same as if she were unmarried," a suit can be brought only in her name.

ASSUMPSIT, brought to the City Court of the city of Hartford, and tried to the court before *Sumner, J.* Facts found and judgment rendered for the plaintiff. Motion in error by the defendant. The case is sufficiently stated in the opinion.

*T. E. Steele*, for the plaintiff in error.

*H. O'Flaherty*, for the defendant in error.

PARDEE, J. In July, 1875, Oscar Holcomb and Julia H. Rockwell, then and now the wife of the plaintiff, formed a co-partnership at Hartford under the name of Holcomb & Rockwell, for the purpose of engaging in the slate-roofing business. The said Julia furnished the capital in money and slate, and was to have two-thirds of the profits; Holcomb

was to give his services. In October following the partner-
ship was dissolved, and the said Julia purchased Holcomb's
interest therein, and continued the business alone some little
time thereafter for the purpose of completing unfinished con-
tracts, although she substantially abandoned slate-roofing as
a business after the retirement of Holcomb.

In November, 1875, she sold to the defendant all of her
stock of slate, her tools and other materials used in the busi-
ness which she then had on hand, for the sum of two hundred
dollars and upwards, he knowing that the articles were her
property, and promising to pay her therefor. Since this sale
she has not engaged in any business.

The plaintiff and said Julia were married in 1863, and she
acquired said property since the marriage. This suit was
brought by the plaintiff as trustee of the personal property of
his wife to recover the value of the stock and tools sold to the
defendant. The defendant claimed that the suit should have
been brought either in the name of the said Julia alone or by
herself and husband jointly. The court did not so decide,
and rendered judgment for the plaintiff. The defendant
brings the case before us by a motion in error.

The statute, title 14, chapter 2d, section 3d, page 186, of
the Revision of 1875, provides that all of the personal prop-
erty of any woman married since the 22d day of June, 1849,
and all the personal property thereafter acquired by a married
woman, and the avails of any such property if sold, shall vest
in the husband in trust for the following uses:—to receive
and enjoy the income thereof during his life, subject to the
duty of expending from such income so much as may be nec-
essary for the support of his wife during her life and of her
children during their minority; and to apply any part of the
principal thereof, which may be necessary for the support of
the wife or otherwise, with her written assent. Hereby the
wife's property is placed under a statutory protectorate; is
shielded from her husband's debts and devoted primarily to
the support of herself and her children; the legal title is
vested in him in a fiduciary capacity, and in that capacity he
can institute legal proceedings for its protection.

If however the wife, with the husband's consent, becomes a sole trader, the statutory protection is withdrawn from herself as to so much of her property as she invests and uses in such business. To meet the necessities of this change the legislature has declared in what manner payment of debts which may accrue to her in her new capacity shall be enforced. Title 19, chap. 5, sec. 11, page 417, of the Revision of 1875, provides as follows:—"When a married woman shall carry on any business, and any right of action shall accrue to her therefrom, she may sue upon the same as if she were unmarried."

The plaintiff insists that the use of the word "may" therein makes the statute permissive only, and that there is therefore no suspension of the right of the husband to institute suits in his own name as trustee for the enforcement of such rights. But we think that the legislature intended to establish a well defined line of separation between money invested by the wife with the husband's consent in her sole business and money retained and invested by him as statutory trustee; and between the forms of action respectively applicable to the collection and protection of funds under these different conditions; that it confers a right to sue which did not exist before; not in addition to the right of the trustee, but in exclusion of it; and that it is a statute for simplification. The wife, who in the progress of her business receives a note, can convert it into money for the continuation thereof; can sell, assign, transfer and give good title to the same without the concurrence of the husband; and as in his capacity as trustee he has no present right to or control over the note or the avails thereof, in that capacity he cannot bring suit upon it.

There is error in the judgment complained of.

In this opinion the other judges concurred; except LOOMIS and GRANGER, Js., who did not sit.