FRANKLIN H. HART *vs.* SUSAN S. GOLDSMITH.

The statute (Gen. Statutes, p. 417, sec. 9,) provides that actions may be
    sustained against a married woman, "upon any contract made by her
    upon her personal credit, for the benefit of herself, her family, or her
    separate or joint estate." Held—
1. That the term "her family" includes only those who are living with
    her as a part of her household.
2. That her contract to pay for groceries that should be furnished her son
    and his family, who were living by themselves, could not be regarded
    as for the benefit of herself.
It seems that a married woman having no estate may contract for the
    benefit of estate about to be acquired.

[Argued December 4th—decided December 27th, 1883.]

ACTION for goods sold; brought to the Court of Common
Pleas, and tried to the court before *Torrance, J.* Facts
found and judgment rendered for the defendant. Appeal
by the plaintiff. The case is sufficiently stated in the
opinion.

*J. W. Alling* and *W. A. Wright,* for the appellant.

*D. R. Wright* and *J. S. Thompson,* for the appellee.

CARPENTER, J. The defendant, being a married woman,
contracted with H. W. Smith & Co., whose claim the plain-
tiff holds by assignment, that they should furnish her son,
a married man and living with his family apart from his
mother, with groceries, upon her promise to pay for them.
She had at that time no property, but afterwards, by the
death of her husband, became entitled to a part of his
estate. The groceries were furnished upon her credit, and,
not having been paid for, this suit was brought. The court
below rendered judgment for the defendant and the plaintiff
appealed.

The real question is, whether the facts bring the case
within the statute of 1872, the cause of action, if any, hav-
ing arisen in 1875 and 1876. That statute as found in the

revision of 1875, p. 417, sec. 9, provides that an action may be sustained against a married woman upon any contract made with her upon her personal credit, for the benefit of herself, her family, or her separate or joint estate.

This contract clearly was not for the benefit of the defendant. It was simply her promise to pay for groceries furnished her son and his family. The supply of their necessities was in no proper sense a benefit to her within the meaning of the statute.

Was the contract for the benefit of her family? This is a question of fact. It is not found in terms that it was; and we can not say as matter of law that her son's family living by themselves was her family. The facts found would lead to a different conclusion. The word "family" is to be taken in its ordinary and popular sense. In a broad sense it may include all of a woman's children, whether living with her or not, and even other relatives; but in a more limited sense, and in that which we think was intended by the statute, it includes only those who are living together as one household. *Cheshire* v. *Burlington*, 31 Conn., 326.

The contract clearly could not have been for the benefit of her estate, as she had none at the time. While a contract might be made by a married woman for the benefit of estate about to be acquired, yet clearly the contract had no reference to her estate of any kind.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.