WILLIAM W. COMSTOCK'S APPEAL FROM COMMISSIONERS.

Fairfield Co., March T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A claim was presented against the estate of *D.* by the administrator of the estate of *A.*, his widow, for " money loaned by *A.* out of her sole and separate estate, $2,135." This claim was disallowed by the commissioners and an appeal taken by the administrator to the Superior

Court. In that court he filed the following more particular statement of the claim :—"$2,085, received by *D.* in his lifetime from *A.* from her sole and separate estate, as trustee thereof and under the express trust that he would keep the same invested for her and account to her for the same with interest on demand." Held that there was no error in allowing the filing of this statement of the claim.

The act of 1849 (Gen. Statutes, p. 186, sec. 3) provides that "all the personal property of any woman married since the 22d day of June, 1849 * * shall vest in the husband in trust." Held not to apply to personal property held by the wife as her sole and separate estate.

A married woman has power to make a gift to her husband of property held by her as her sole and separate estate, but such transactions should be carefully scrutinized and there should be entirely clear and satisfactory evidence that she intended the transaction to be a gift.

A married woman can also loan to her husband money held by her as her separate estate. Whether in such a case the statute of limitations would run against her claim :—*Quære.*

The statute of limitations would not run in favor of the husband against his obligation to the wife as statutory trustee, nor against her claim for money placed in his hands to invest, manage and account for.

Where a judge has stated in his charge to the jury, in commenting upon the evidence, the inclination of his judgment upon a question of fact, but has not imposed his opinion upon them as one of authority, it is not a ground for granting a new trial.

[Argued March 15th—decided April 1st, 1887.]

APPEAL from the doings of commissioners on the estate of George W. Day, deceased, in disallowing a claim presented against the estate by the appellant as administrator of the estate of Amelia F. Day, deceased, widow of the said George W. Day; taken to the Superior Court in Fairfield County, and tried to the jury in that court before *Stoddard, J.* Verdict for the appellant, and appeal by the appellee for error in the rulings and charge of the court. The case is fully stated in the opinion.

*J. H. Perry*, for the appellant (original appellee).

*J. S. Seymour*, for the appellee (original appellant).

LOOMIS, J. Between 1867 and 1879 Amelia F. Day, wife of and living with George W. Day, acquired about $2,000 by her personal services, under an agreement between herself, her husband, and her brother, by whom the money was

paid to her, that it should be of her sole and separate estate, which money she from time to time delivered to her husband. She died in 1879; he died in 1883. W. W. Comstock, the administrator upon her estate, whom we shall call the plaintiff, presented a claim for the repayment of this money to the commissioners appointed to receive, examine and decide upon the claims against his estate. They allowed $305.73 and disallowed the balance, $1,912, whereupon he appealed to the Superior Court, and there, by verdict of a jury, recovered $2,000. S. P. Tuttle, the administrator upon his estate, whom we shall call the defendant, then appealed to this court. The plaintiff first presented his claim against the husband's estate to the defendant in 1884 in the following form:—

"Estate of George W. Day, Dr. to William W. Comstock, Administrator of the estate of Amelia F. Day, deceased.

"To cash loaned by the said Amelia F. Day in her lifetime to the said George W. Day in his lifetime, out of her sole and separate estate, between January 1st, 1868, and January 1st, 1881, $2,135.00, the same being the amount of all the money received by the said Amelia F. Day from William W. Comstock for the care and board of Georgiana Comstock for the period embraced between said last mentioned dates. The said William W. Comstock, administrator, further claims the interest on said sums loaned, from the dates when the same were loaned to the date when interest is allowed on other claims against said George W. Day's estate."

In 1885, in the Superior Court, upon the suggestion of that court that he should present his claim with more particularity, the plaintiff made this additional presentation:—

"On or about the 18th day of April, 1879, there was found to be due from the said George W. Day, then in full life, to the estate of Amelia F. Day, deceased, the sum of $2,035, by the admissions of the said Day to the said W. W. Comstock, and on April 29th, 1880, the said Day received from the said W. W. Comstock, on the account

referred to in said claim, $50 more, amounting in all to the sum of $2,085 ; the same, except said $50, having been received by said George W. Day in his lifetime from the said Amelia F. Day in her lifetime, from and out of her sole and separate estate, and as trustee thereof, and under the express and acknowledged trust that he would keep the same invested for her in his business or elsewhere, and would account to her for the same with interest on demand. Said moneys were received by said George W. Day in payments of from twenty dollars to fifty dollars each, at intervals of about two months, beginning about April, 1869, and continuing to about October 1st, 1879."

The defendant moved the court to strike out all except the last clause of this additional statement, because the other portions of it change the ground of action from that embodied in the first presentation. The court denied the motion.

The parties were at issue to the court on the demurrer of the plaintiff to the fifth defense in the substituted answer of the defendant. The fifth defense was in these words :—

" The said George W. Day and Amelia F. Day were husband and wife, and living together as such on the first day of January, 1868, and so continued until her death, which took place October 18, 1879."

The plaintiff's grounds of demurrer were stated in these words :—

1. Because the appellant's claim is alleged to be upon an express and acknowledged trust.

2. The transactions upon which said claim is based are described as being between husband and wife, relative to her sole and separate estate which came into the husband's hands for investment merely, and as trustee thereof for the benefit of the wife, and not upon any other agreement whatever.

3. Because if not in law the sole and separate estate of the wife, then it appears that the moneys which are the subject matter of this suit were the statutory estate of the wife, acquired since the 22d day of June, 1849, in the

hands of the husband as her statutory trustee, which estate in this case, at the husband's death, is to be transferred to the administrator of the deceased wife.

4. Because the facts therein stated would not in equity excuse the said George W. Day from accounting to the said Amelia F. Day for so much of her sole and separate estate, or for so much of her statutory estate, as should come into his hands in the manner stated in the reasons of appeal; and because the rights of the appellant and the obligations of the appellee are the same in this proceeding as those of the wife and husband respectively in a court of equity in their lifetime.

5. Because it does not appear that the written assent of the said Amelia F. Day was ever obtained by the said George W. Day to apply any part of the principal of the wife's estate either for her support or otherwise.

The court held the fifth defense to be insufficient. The parties were then at issue to the jury; the plaintiff had a verdict; the defendant appeals.

The first five reasons are based upon the reception by the court of the additional statement as to his claim by the plaintiff. The remaining reasons are as follows:—

6. That the court charged the jury that the property in question in this case came within the terms of and was controlled by section 3, page 186, of the Revised Statutes.

7. That the court charged the jury that the pleadings in the case did not fix the character of the property in question for the purposes of this case.

8. That the court charged the jury that if Mr. Day received the sole and separate estate of his wife on an agreement to return it to her, if he needed it in his business, and she let him have it from time to time as he requested, the statute of limitations would not apply.

9. That the court charged the jury that if Mrs. Day did not give the property in question to her husband, then he received it as trustee, so that the statute of limitations would not apply to the transaction.

10. That the court charged the jury, in substance and

effect, that the relation of debtor and creditor did not and could not have arisen between Mr. and Mrs. Day, and that he did not believe that any such relation existed between them, but that if the jury found some other agreement to have existed between them, contemplating a return of the money in question, their verdict should be for the appellant.

11. That the court did not charge the jury as requested by the appellee in his first request.

12. That the court did not charge the jury as requested by the appellee in his third request.

13. That the court did not charge the jury as requested by the appellee in his fifth request.

14. That the court sustained the demurrer to the fifth defense in the appellee's answer.

15. That the court overruled the claims of the appellee relating to the reply to the third and fourth defenses of the answer.

By our rules of practice great latitude is allowed to the discretion of the court in permitting amendments of and additions to the first statement by a plaintiff of his claim. It is deemed better for both parties that an error should be corrected in this manner rather than by compelling the plaintiff to go out of court and return again. It is in the interest of an early and economical adjustment of controversies. In the exercise of this discretion the court is always careful of the interests of the defendant. He is not to be surprised by any change. If he makes it appear to the court that time is necessary for preparation to meet the new presentation, it will be given him. We assume for the present purpose that the first presentation was for a loan against which the statute of limitations might perhaps run; the second for money received by the husband under an express and acknowledged trust, against which the statute would not run. The administrator upon the husband's estate did not ask for time. He simply denied the power of the court to allow the amendment at any time or upon any conditions. There was no error in allowing it.

Another reason of appeal is, that the court charged the

jury that the property in question in this case came within the terms of and was controlled by section 3, p. 186, of the Revised Statutes of 1875. That section is as follows:—

" All the personal property of any woman, married since the twenty-second day of June, 1849, and all the personal property thereafter acquired by a married woman, and the avails of any such property if sold, shall vest in the husband in trust for the following uses:—to receive and enjoy the income thereof during his life, subject to the duty of expending from such income so much as may be necessary for the support of his wife during her life and of her children during their minority; and to apply any part of the principal thereof, which may be necessary, for the support of the wife or otherwise with her written assent; and upon his decease the remainder of such trust property shall be transferred to the wife, if living, otherwise as the wife may by will have directed, or, in default of such will, to those entitled by law to succeed to her intestate estate."

We understand this to be the effect of the charge. If the jury should find no more to be proven than that the wife acquired the money by her personal services, the husband, by force of the statute, in the absence of an agreement between himself and wife, would become trustee thereof for the uses and upon the conditions therein specified. Also, as a matter of law, notwithstanding the fact that in the pleadings the plaintiff claimed and the defendant admitted the money to be the sole and separate property of the wife in the strict technical sense, such claim and admission are not of sufficient force to destroy the effect of proof of a tripartite agreement between Mr. Comstock, who paid the money to the wife, and the husband, which provided that the control and beneficial use of the money should be in the wife in the fullest manner, without declaring in technical words and form that it should be her sole and separate estate. Also, even if the husband could have enforced as against the wife his right to a statutory trusteeship of the money in question, he could make a binding contract with her that it should become and ever thereafter continue to

be her sole and separate estate, with all legal consequences. And if it should be found as a fact that he did make such contract and subsequently receive the money from her as her sole and separate property, with no further understanding or agreement than that he should return it, as a matter of law he took it burdened with such trust as would be beyond the reach of the statute of limitations. Also, in the opinion of the court upon the evidence, the stamp of sole and separate property was impressed upon the money by an agreement between husband and wife.

The defendant complains of these instructions. They are largely speculative, and, if in any respect erroneous, the error does not become a ground for granting a new trial unless the defendant was injured by them.

It was admitted that money belonging to the wife, of considerable amount, had gone into the hands of the husband; it was also agreed that this money belonged to the wife as her sole and separate estate; and the sole question was, whether the administrator of the wife's estate could recover it from the estate of the husband. The administrator, whom we call the plaintiff, claimed that under the act of 1849 the husband received this as statutory trustee, and that consequently he could not avail himself of the statute of limitations as a bar to the recovery. The plaintiff also claimed that if it was not received by the husband as statutory trustee, yet it was so placed in his hands for care and investment and an ultimate account, that the law created a trust on his part which prevented his taking the advantage of the statute of limitations. The defendant claimed that the money was *given* to the husband and that he was not bound to account for it; and that, if not a gift, it was a loan to him in the ordinary way of a loan between strangers, against which the statute of limitations would run. It is obvious that the only question of importance for the defendant was whether the statute of limitations would run against the claim, unless indeed the jury should find it to be a gift. The jury having found that it was not a gift, it leaves the question of the running of the statute as the

only one of importance. On this point the court was clearly right in instructing the jury that the statute would not run against a statutory trust on the part of the husband, nor against the trust growing out of her delivering the money to him to manage, invest and account for ; while the instructions given with regard to the running of the statute against the loan, if they should regard it as a mere ordinary loan, were wholly in the defendant's favor. Whether the court was right in instructing the jury that the statute would run against the claim if they should regard the transaction as an ordinary loan, it is not necessary for us to decide, and we leave the question entirely open for future consideration.

We might leave the matter here, but we are not willing by our silence to leave room for the inference that under the statute of 1849 personal property of the wife, which is her separate estate, can come under the control of her husband. The statute, it is true, is comprehensive in its language— " all the personal property of any woman married since the 22d day of June, 1849,  *  *  shall vest in the husband in trust." But it is very clear that the wife may have personal property to which the statute does not apply. A father often leaves money to a daughter, not only as her sole and separate estate, but with an express provision that it shall be free from all interest in or control over the same on the part of any husband she may marry. Such property, of course, could not be taken possession of by the husband and its income used for his own support; and the same rule must apply to all her separate estate. That separate estate, whether in the form of principal or of income derived from it, she can dispose of as she pleases. She may put it into his hands to manage for her as her agent, she may loan it to him, and she may make an absolute gift of it to him. Whether she has done either is always a question of fact, not one of power ; but the court below was right in instructing the jury that " common experience suggests the necessity of looking carefully at a transaction in which a husband claims that his wife has voluntarily made a gift to

him of her property," and that there should be "entirely clear and satisfactory evidence that the wife intended the transaction to be a gift from herself to her husband."

The requests to charge the jury concerning the weight and application of the testimony were sufficiently complied with. And we think the judge committed no error in expressing to the jury the inclination of his judgment upon the evidence against the claim that the transaction was a gift or a loan as between strangers. He did not make his opinion binding upon their consciences. He left them to decide the matter for themselves.

There is no error and there should be no new trial.

In this opinion the other judges concurred.