STATE OF CONNECTICUT *vs.* ALMON H. FRENCH AND AN-
OTHER.

New Haven and Fairfield Cos., April T., 1891. ANDREWS, C. J., CARPEN-
TER, LOOMIS, SEYMOUR and TORRANCE, JS.

An administrator is liable on his probate bond for only such damages as are
equitably due to the person for whose benefit the action is brought.

Section 578 of Gen. Statutes provides that executors and administrators
shall return inventories of the estates within two months after their
bonds are accepted by the court; and section 579 provides for a forfeit-
ure of twenty dollars a month for the neglect, to be recovered by any
person who shall sue therefor. Held that this remedy is not exclusive,
but that they are also liable to actions on their bonds.

All the personal property of a woman marrying in 1850, vested in the hus-
band as trustee, under the statute then in force, without any act on his
part. All the income from the property belonged to him in his own
right, except so far as it was his duty to support his wife from it, and
their children till they became of age. After the wife's death, if there
were no children, all the accumulated income became absolutely his
property.

The husband may by his own act divest himself of the trust, and the pro-
perty then becomes the sole and separate property of the wife.

The fact that deposits in a savings bank stood in the name of the wife, with
the knowledge and apparent acquiescence of the husband, would be
strong evidence that he had divested himself of his statutory estate in
the money, but not necessarily conclusive.

As a general rule the court will not grant a new trial to enable a party to
recover merely nominal damages.

[Argued April 22d—decided May 25th, 1891.]

ACTION on a probate bond; brought to the Superior Court
in Fairfield County, and heard before *J. M. Hall, J.* Facts
found and judgment rendered for the defendant, and appeal
by the plaintiff. The case is fully stated in the opinion.

*C. Thompson* and *A. M. Tallmage,* for the appellant.

*S. Judson, Jr.,* and *C. S. Canfield,* for the appellee.

ANDREWS, C. J. The defendant Almon H. French as prin-

cipal, with the other defendant Joseph W. Johnson as surety, gave a probate bond to the state of Connecticut in the sum of five thousand dollars, conditioned that the said Almon, who had been duly appointed by the court of probate in and for the district of Bridgeport, administrator on the estate of Laura L. French, late of Easton in that district, deceased, and had accepted the trust, should faithfully perform the duties of that appointment according to law. This suit is brought by the consent of the probate court for the special benefit of Laura Hall, she being one of the heirs at law of the said Laura L. French. It is alleged in the complaint that the said Almon H. has not faithfully performed the duties of his appointment according to law in that he has neglected and refused to inventory, as a part of the estate of the said Laura, certain property which belonged to her at the time of her decease, namely—a bank book of the City Savings Bank, standing in the name of the said Laura and showing a deposit in her favor of $1,392.94; a like bank book of the People's Savings Bank, showing a deposit in her favor of $240.50; a like bank book of the Mechanics' & Farmers' Savings Bank, showing a deposit in her favor of $63.06; a like bank book of the Bridgeport Savings Bank, $1,255.23; and a western farm loan of $700.

The amounts appearing on these several bank books were afterwards found to be—The City Savings Bank, $1,312.64; the People's Savings Bank, $224.45; the Mechanics' & Farmers' Savings Bank, $530.60; the Bridgeport Savings Bank, $2,000; and the western farm loan, $700.

The defendant French admitted that he had in his possession bank books such as were described in the complaint, and he admitted that he had the western farm loan. But he denied that any of said property belonged to the said Laura except the sum of $500, part of the deposit in the Mechanics' & Farmers' Savings Bank, and the sum of $815.52, part of the deposit in the Bridgeport Savings Bank. These sums he inventoried and refused to inventory all the others.

It is the duty of an administrator to make an inventory

of all property and estate of his intestate which comes to his knowledge, and for any wilful neglect so to do he is liable on his probate bond for such damages as may be found equitably due to any one aggrieved. General Statutes, § 1115 ; *Moore* v. *Holmes,* 32 Conn., 553 ; *Blakeman* v. *Sherwood,* id., 324. The converse of these propositions is also true—that an administrator is under no duty to inventory property if it does not belong to his intestate, nor is he liable for any damages except such as are shown to be equitably due to the person for whose benefit an action may be brought.

The western farm loan may be laid out of the case. It is found to belong to the defendant French. It is also found that the deposit in the People's Savings Bank did not belong to the estate of the said Laura, but to the defendant.

The finding shows that of the amount appearing to be due in the City Savings Bank the original sum of $330, deposited January 21st, 1864, belonged to the estate of the said Laura. The residue is made up of sums deposited by the said Almon of his own money and the accumulated interest. This residue is found to belong to the said Almon. The finding also shows that the deposit in the Mechanics' & Farmers' Savings Bank consisted of the original sum deposited, $500, and the interest which has accumulated thereon, amounting to $51.20 ; and the deposit in the Bridgeport Savings Bank of the original sum of $825.52, and the accrued interest thereon, amounting to $1,224.48. These original sums are inventoried ; the accrued interest is not.

In respect to all the sums represented upon the several bank books, interest as well as principal, the plaintiff claimed that as matter of law they belonged to the estate of the said Laura L. French. We are not able to concur in this claim. Almon H. French and Laura L. French were husband and wife. They were married in November, 1850, and lived together from that time until her death on the 14th day of October, 1887. They never had any children. During all the time Mrs. French was supported by her husband. By the statutes in existence at the time of their marriage all

the personal property of Mrs. French vested at once in her husband as trustee, without any act on his part. All the income from such property belonged to the husband in his own right, except so far as it was his duty to support her and any children there might be until they should become of full age. After the death of Mrs. French, there being no children, and he having supported his wife during her life, all the accumulated income of such property became absolutely the property of Mr. French. This we think is the rule that *primâ facie* applied to the property now in question. *Hinman* v. *Parkis*, 33 Conn., 188 ; *Mason* v. *Fuller*, 36 id., 160 ; *Plumb* v. *Ives*, 39 id., 124 ; *Hayt* v. *Parks*, id., 357 ; *Williams* v. *King*, 43 id., 569.

It is true that a husband may by his own acts divest himself of the trust which the statutes give him in his wife's property. If he does so, then the property becomes the sole and separate estate of the wife, and as to such property the rule above stated does not apply. *Comstock's Appeal from Probate*, 55 Conn., 214 ; *Adams* v. *Adams*, 51 id., 135. The plaintiff insisted that all the deposits in the several banks were the sole and separate estate of Mrs. French, But this was a question open to proof. The Superior Court heard evidence upon it and found that some part of the deposits belonged to Mrs. French and that other parts did not. The fact that all these deposits stood in the name of Mrs. French with the knowledge and apparently with the acquiescence of Mr. French, was evidence, and strong evidence, tending to show that he had divested himself of his statutory estate in the money ; but we do not think it was conclusive. *Parkman* v.' *Suffolk Savings Bank*, 151 Mass., 218; *Minor* v. *Rogers*, 40 Conn., 512 ; *Mowry* v. *Hawkins*, 57 id., 453 ; *Robinson* v. *Ring*, 72 Maine, 140 ; *Northrop* v. *Hale*, id., 275 ; *Marcy* v. *Amazeen*, 61 N. Hamp., 131. The finding of the Superior Court is binding upon us.

The questions asked of Mr. French and which were objected to but admitted, we think were fairly admissible as tending to show whether or not he had parted with his

interest in the property. The by-laws of the several savings banks were not in evidence.

There is no finding to whom the accumulated interest in the Mechanics' & Farmers' Savings Bank and in the Bridgeport Savings Bank belonged. Perhaps the court regarded these as the property of Mr. French, but it is not specifically so found. If these sums belong to Mr. French then he was under no duty to inventory them. But if, on the other hand, they belonged to Mrs. French, then they should have been inventoried as a part of her estate, and we do not think the remedy by section 579 of the statutes was an exclusive one. Notwithstanding that section we think any party aggrieved might have an action on the probate bond. Upon the facts it seems clearly to have been the duty of Mr. French to return an inventory of the sum of $330, part of the deposit in the Citizens' Savings Bank. There was a breach of his bond in not doing so.

Although there was a technical breach of his bond by the defendant French a new trial cannot be had. It does not appear that the plaintiff has suffered any damage. The statute above referred to (§ 1115 of the General Statutes) provides that "in actions on penal bonds containing conditions which have been broken, such damages only shall be assessed as are equitably due, and judgment shall not be rendered for the whole penalty unless it appears to be due."

There was no evidence in the case, nor was any attempt made so far as the finding discloses, to show that any sum was equitably due to the plaintiff by reason of any breach of the defendant's bond. It is certain that some portion of the property of Mrs. French will be expended in the necessary settlement of her estate, and it is possible that there may be debts which will exhaust the whole of it. In any event the damage to the plaintiff would be less than her aliquot part of the entire estate, and in the contingency just suggested her damage would be nothing. As a general rule this court will not grant a new trial to enable a party to recover merely nominal damages. *Briggs* v. *Morse*, 42 Conn.. 260.

A new trial is not granted.

In this opinion the other judges concurred.