CHARLES G. BELDEN, TRUSTEE, *vs.* BENJAMIN SEDGWICK
ET AL.

Third Judicial District, New Haven, January Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

The personal property of a woman married between 1849 and 1877, is always hers in equity, subject only to the husband's legal title and to his life use of the accruing income.

An assignment in insolvency by the husband does not pass any title to the personal property of the wife held by him as her statutory trustee, and used in a mercantile business carried on by him as her agent. But if the wife joins her husband in requesting the assignee in insolvency to take and hold possession of such property under such assignment, and

he does so, the wife must be treated as she if were a *feme sole* in regard to the transaction, and so regarded, is estopped from afterwards disputing the legality of the assignee's possession, as well as his right to a lien on the property for his services and disbursements. Under these circumstances the assignee acquires a lien, not because he has the title, but because the wife who has it, has subjected it to a charge in his favor for acts done at her request and for her benefit.

An appeal properly taken to this court will not be erased from the docket on the ground that the trial court had no jurisdiction of the action: the appeal, certainly, is within the jurisdiction of this court, whatever may be said as to the jurisdiction of the trial court over the original cause.

[Submitted on briefs Jan. 19th—decided Feb. 23d, 1897.]

SUIT in the nature of a bill of interpleader, brought under the provisions of Chap. 42 of the Public Acts of 1893 to the Superior Court in New Haven County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered in favor of the plaintiff, and appeal by the defendants Sedgwick and wife, for alleged errors in the rulings of the court. *No error.*

The plaintiff sued as trustee in insolvency of the estate of Benjamin Sedgwick, to establish his title as such, and also a lien for his services and disbursements against the insolvent debtor, his wife and creditors, some of whom had levied attachments on the property in the hands of the trustee. The following facts appear in the finding of the court:—

The appellants were married in Connecticut, in 1865. For several years prior to July 1st, 1894, Sarah J. Sedgwick, the wife, owned a stock of goods and a business which was conducted in Waterbury by her husband as her agent. He bought goods, sometimes in his own name, sometimes in his name as her statutory trustee, and sometimes in her name ; but all purchases were made for her benefit and the benefit of her estate, and by him as her agent. On July 1st, 1894, both he and his wife knew that the business was running behind, and that it was necessary that it should be closed up, and the proceeds appropriated to the payment of the debts of the business. Thereupon they sent for the plaintiff, who was an employee in the business, and in the presence of his wife, Mr. Sedgwick, in behalf of both, stated the condition of the

business and the necessity of making an assignment in insolvency. Both of them then requested him to act as the trustee in insolvency, and specified the terms upon which he should act. He acquiesced, and agreed to their proposition to act as the trustee upon the terms named, to be paid out of the proceeds of said business, and for the purposes and objects they had in view. Nothing was at this time said as to the ownership of the business. On July 5th, 1894, Mr. Sedgwick, in his own name executed and delivered to the plaintiff an assignment in insolvency, which was on said day filed in the Court of Probate for the district of Waterbury. Thereafter Belden was duly appointed and qualified as trustee of said Sedgwick's estate, and took possession of said business and stock of goods, and an appraisal was had and commissioners appointed, and the usual steps taken in said court in such a proceeding.

Sundry creditors, having claims for goods sold to Mr. Sedgwick for use in the business, brought suit, soon after the assignment, against Mr. and Mrs. Sedgwick, and levied attachments on the goods assigned, and foreign attachments by service on the plaintiff, individually and as trustee; which suits are still pending.

Mr. Sedgwick, as statutory trustee, then replevied said goods from the hands of the plaintiff, individually and as trustee, and from the attaching officer. He had not made any previous demand for them upon the plaintiff. The plaintiff took possession originally of the goods and business, at the request of both Mr. and Mrs. Sedgwick, and retained possession with their express acquiescence and consent until the time of replevy. He acted in entire good faith and in ignorance of the ownership of the goods and business, and made expenditures and rendered services as trustee for which both Mr. and Mrs. Sedgwick are liable, and for which he is entitled to a lien on the goods after the attachments are satisfied.

The judgment was, that the plaintiff had no title to the goods; that Mrs. Sedgwick had the title; that the plaintiff had, by reason of the acts and assent of both Mr. and Mrs. Sedgwick, a right of possession at the time of the attachments,

Belden, Trustee, *v.* Sedgwick et al.

which they were estopped to dispute, and an equitable lien, subject to the attachments, for his disbursements and services, against both, and against Mr. Sedgwick as statutory trustee; that in the replevin suit the defendants were entitled to prevail, and that Mr. Sedgwick, as statutory trustee, must return to them the goods replevied.

The errors assigned by Mr. Sedgwick, as statutory trusteee, and his wife, were that she was held liable to the plaintiff for his services and disbursements as trustee for Mr. Sedgwick; that the plaintiff was adjudged to have a right of possession which she was estopped from disputing; and that he was adjudged to have an equitable lien on the goods for his services and disbursements.

The appellants also asked to have the appeal erased from the docket of this court, on the ground that the original cause was not within the jurisdiction of the Superior Court. The complaint stated that the property belonging to the estate of the insolvent debtor was appraised in the official inventory at over $3,500, that the appraisal and inventory were duly accepted by the Court of Probate, and that it was this property respecting which the plaintiff desired the defendants to interplead.

Sarah J. Sedgwick filed an answer, by way of interpleader, in which she set up an indebtedness of her husband to her, amounting to over $12,000, and asked to have this claim established against the estate. She also, after first filing a general denial, joined with her husband in putting in an " amended answer and interpleader," which, without denying anything in the complaint, alleged that the title to the goods assigned was in Benjamin Sedgwick, as trustee for her, and that they were now the property of him as such trustee, and of herself.

*John O'Neill,* for the appellants (Sedgwick and wife).

*Charles G. Root* and *T. F. Carmody,* for the appellee (plaintiff).

Belden, Trustee, *v.* Sedgwick et al.

*George E. Terry* and *Nathaniel R. Bronson,* for the appellees (attaching creditors).

BALDWIN, J. An assignment in insolvency was made to the plaintiff as trustee for the benefit of the creditors of Benjamin Sedgwick, the assigning debtor, and duly filed in the proper Court of Probate. The goods assigned belonged to the wife of the assignor, and had been bought by him as her agent and statutory trustee, for use in a mercantile business of which she was the proprietor and he the manager, and which had proved to be a losing one. She had joined in requesting the plaintiff to act as trustee in insolvency, and both she and her husband had agreed with him on the terms on which he should act, and, after the assignment was made, acquiesced in and consented to his possession.

Under these circumstances he was properly held to have an equitable lien on the goods assigned, for his reasonable fees and disbursements as the trustee under the assignment, which neither Mr. nor Mrs. Sedgwick could dispute.

Our laws permit suits against a married woman jointly with her husband, upon any contract entered into jointly with him for the benefit of her estate, or of their joint estate, or made by her upon her personal credit, for the benefit of herself, her family, or her separate or joint estate; and in such actions executions may be levied upon her property as if she were unmarried. General Statutes, §§ 984, 985, 987. By General Statutes, § 986, it is also provided that when a married woman shall carry on any business and any right of action shall accrue to her therefrom, she may sue thereon as if she were unmarried. The effect of these statutes, taken together, is to put her substantially in the position of a *feme sole* as to all rights and obligations growing out of her interest in such a business conducted with his consent, or out of what she does or agrees to do in consequence of her connection with it. So far forth, the title of her husband—if she were married prior to 1877—as statutory trustee, is curtailed, or taken away.

The provisions of General Statutes, §§ 2792, 2793, must

Belden, Trustee, v. Sedgwick et al.

be read in connection with those concerning civil actions, to which reference has been made, and as part of one entire plan for regulating the property rights of husband and wife. Section 2793, which forbids the sale or transfer by the husband of any interest in his wife's estate, unless she joins in a written conveyance of it, is manifestly inapplicable to the management of a store for the sale of goods in the ordinary course of mercantile business, when conducted by him in her behalf. *Rockwell* v. *Clark*, 44 Conn. 534, 536. Section 2792, which vests the wife's property in the husband as trustee in such a manner as to give him the beneficial use of the income during his life, is, if read by itself, equally inconsistent with the right given to her creditors by § 984 to levy on it, in his lifetime, for her debts of a certain description.

We gave a somewhat narrower construction to certain of the statutory provisions now embodied in § 984, when first enacted. (Public Acts of 1872, p. 96, Chap. XCIV.) Notwithstanding they originally authorized in terms the levy of execution upon the wife's "interest in any real or personal property," we held that this referred only to her separate property, and simply gave a remedy at law in cases where there had always been a remedy in equity. *Buckingham* v. *Moss*, 40 Conn. 461. Soon afterwards, however, it was determined that under the equity of the Act of 1869 (Public Acts of 1869, p. 340, Chap. CXXIV.), now also incorporated in substance in § 984, whatever was legally liable for the debts of a married woman, incurred in carrying on business, or evidenced by note given for the benefit of her sole estate, or the joint estate of herself and her husband, might also be subjected to an equitable charge for debts incurred for the benefit of her sole estate or of the joint estate of herself and her husband, although no note were given, and that when the Act of 1869 gave a remedy by levy of execution upon "her property . . . as if she were unmarried," it authorized such a levy upon property owned by her which was not secured to her sole and separate use. *Donovan's Appeal*, 41 Conn. 551, 557. Such property may be bound by her contracts, even when she could not be held personally liable,

and if the contracts were made on the credit of her real estate, not held to her separate use, and she then dies, leaving a surviving husband with the rights of a tenant by the curtesy, the interest of her estate in such land can be sold to satisfy them. *Shelton* v. *Hadlock*, 62 Conn. 143, 154; *Corr's Appeal*, ibid. 403, 409. The personal property of a married woman, who was married after 1849 and before 1877, is always hers in equity, subject only to the husband's legal title, and to his life use of the accruing income. *Connecticut Trust & Safe Deposit Co.* v. *Security Co.*, 67 Conn. 438, 442.

It is unnecessary to inquire, in the present case, whether the effect of any of these laws, passed since the appellant's marriage in 1865, upon Mr. Sedgwick's rights, could be questioned under the provisions either of our own Constitution or of that of the United States, as going beyond the legitimate power of the legislature to make reasonable modifications from time to time in the legal incidents and consequences of the marriage relation. He assented to whatever his wife has done under her enlarged authority to contract, and to everything out of which the plaintiff's claim arises.

Mrs. Sedgwick asked the plaintiff to take possession of the goods on which he now claims a lien, under an assignment in insolvency. He assented, and such an assignment was made by her husband in his own name, under which possession was taken and held, at his request and hers, for over two months, during which time the plaintiff rendered valuable services as trustee, and made proper expenditures, as such. She must be treated as if she were a *feme sole* in regard to this transaction, and, so regarded, it is manifest that the plaintiff is entitled to the lien he claims. He takes it, not because he has the title, but because she has it, and has subjected it to a charge in his favor for acts done at her request and for her benefit.

The appellants ask to have this appeal erased from the docket on the ground that the Superior Court had no jurisdiction of the action. No motion to erase or objection to the jurisdiction was made in the court below, but the claim now put forward is that it nowhere appears on the record

that the matter in demand in that court exceeded five hundred dollars in value, and therefore that, notwithstanding the Superior Court is one of general jurisdiction, all the proceedings, from the institution of the original action to the entry of this appeal, have been *coram non judice.*

This court has jurisdiction to review any judgment of the Superior Court from which an appeal is taken on the ground that it was void for want of jurisdiction. If a judgment is not simply erroneous, but void, there is so much the more reason for the authoritative declaration of its invalidity by the court of last resort. Whether the original cause was or was not within the jurisdiction of the Superior Court, this appeal is within the jurisdiction of this court, and the motion to erase is therefore denied. *Canter* v. *American, etc., Ins. Co.*, 2 Pet. 554.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.