SENECA S. THRESHER *vs.* BRIDGET S. BARRY.

Second Judicial District, Norwich, May Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A married woman whose separate property has been attached in a suit against her husband, may contract for the services of an attorney at law in securing its release, and for this purpose may pledge her personal credit.

Contesting the attachment suit on the merits, at her expense, may, in such a case, be an appropriate means of defeating the attachment.

[Argued May 28th—decided July 13th, 1897.]

ACTION against husband and wife to recover for services rendered by an attorney at law, brought to the Court of Common Pleas in New London County and tried to the court, *Noyes, J.;* facts found and judgment rendered for the plaintiff as against the wife, and appeal by her for alleged errors in the rulings of the court. *No error.*

The husband filed no answer, and did not appear at the trial. The wife filed an answer, and was heard, the following facts being stated in the finding:—

She was married in 1872. In 1891 she mortgaged land belonging to her, to secure the performance by her husband of the covenants in a lease to him of a farm. Suit was afterwards brought against him on these covenants, and in the action she was made a garnishee, and certain of her personal property and choses in action were attached, as his estate. What was thus attached, while it had not been conveyed to

her for her separate use, had always been treated by both him and her as such, and his conduct in respect to it had been such as to divest him of the interest he would otherwise have had in it by law.

She employed the plaintiff, upon her personal credit, to defend the action and protect her interests therein. He did so successfully, and obtained judgment for the defendant, whereby all attachments were discharged. His services were reasonably worth the amount of the judgment rendered in his favor, and were rendered under a contract with her, upon her personal credit, and for the benefit of herself and her separate estate.

*Solomon Lucas*, with whom was *Charles W. Comstock*, for the appellant (defendant).

*Charles F. Thayer*, for the appellee (plaintiff).

BALDWIN, J. It is immaterial whether the mortgage security given by the defendant was or was not valid in favor of the mortgagee. Her property was afterwards taken on attachment against her husband, and she had the right to make a contract for professional assistance in securing its release, and for this purpose to pledge her personal credit. One way of regaining its possession would be to contest the cause of action of the attaching creditor. If he had none, it might well be that a judgment against him could be obtained in the attachment suit with less of delay or expense than would be incident to a new action brought for a direct vindication of her rights. She preferred this method of redress, and it proved successful. It is found that she owned what, by her husband's acts, had become in law her separate estate. *Jennings* v. *Davis*, 31 Conn. 134. Her contract with the plaintiff was therefore sufficient to authorize this action and support the judgment. General Statutes, §§ 984, 987.

There is no error.

In this opinion the other judges concurred.