THOMAS S. BROWN, ADMINISTRATOR, *vs.* SARAH A. CLARK ET AL.

First Judicial District, Hartford, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An action in the nature of interpleader, as authorized by General Statutes, § 1019, originally enacted in 1893, offers a much broader equitable remedy than that which formerly existed; for now the statutory action may be maintained not only by the stakeholder, but by any one interested in money or other property in the nature of a fund which the holder cannot safely turn over without an adjudication of the conflicting claims of others.

A savings-bank deposit is "money or other property," within the meaning of § 1019, while in possession of the bank.

An ultimate conclusion of fact drawn by the trial court will not be disturbed on appeal, unless the subordinate facts found are legally inconsistent therewith.

Contracts made directly between husband and wife, if bona fide and on good consideration, may be enforced in equity.

An estoppel by judgment can be invoked in respect to a certain fact, only when it has been put in issue under the pleadings and has been actually litigated and finally determined. Accordingly, an allowance by commissioners of a claim against an insolvent intestate estate, does not estop the administrator from asserting and proving the intestate's ownership of a savings-bank deposit.

Statements and conduct of a party which are inconsistent with his claim of title as made on the trial, are admissible in evidence against him.

Argued January 16th—decided March 3d, 1908.

ACTION in the nature of interpleader to determine the title to a savings-bank deposit, brought to the Superior Court in Middlesex County where a demurrer to the complaint and prayers for relief was overruled (*Ralph Wheeler, J.*) and the cause was afterward tried to the court, *Gager, J.;* facts found and judgment rendered for the plaintiff, and appeal by the executor of the defendant Sarah A. Clark. *No error.*

The complaint alleged that the plaintiff's intestate, Gilbert M. Clark, at the time of his death was owner of $212

on deposit in his name in the defendant bank, with the book of deposit representing the same; that the said bank-book at the time of plaintiff's appointment was and still is in the possession and control of the defendant Sarah A. Clark; that the plaintiff demanded of said Clark its delivery to him, but she refused to give it up, claiming the book as her own; that the plaintiff and said Clark each claim said money and book, and each have made demand of the defendant bank for payment of the money, and that said demands have in each case been refused. The prayer for relief claimed a determination of the title and ownership of the bank-book and deposit, an allowance of plaintiff's expenses and counsel fees from said fund, to be paid as by statute provided, and such other and further relief as to law and equity might appertain.

To this complaint and to the prayers for relief the defendant Sarah A. Clark demurred, but the demurrer was overruled.

The intestate's widow contended that the deposit was the remnant of a legacy bequeathed to her by Lucy Selden, a friend, and that her husband, Gilbert M. Clark, had taken the legacy into his possession and control in November, 1883, as her statutory trustee, and had never turned it over to her.

The estate of Gilbert M. Clark was represented insolvent and commissioners were appointed thereon. Among other claims presented to them, the widow, said Sarah A. Clark, filed one for $1,443, which she claimed was the amount of the legacy which her husband had taken into his possession. This claim the commissioners allowed, one of them stating in the report that he did so with considerable hesitation and to save the estate from further cost and expense in litigation.

Sarah A. Clark died during the pendency of the action, and her executor, Adelbert T. S. Clark, entered to defend it.

The reasons of appeal allege that the trial court erred: 1. In overruling the demurrer; 2. in finding certain mate-

rial facts without any evidence; 3. in rendering judgment for the plaintiff upon the facts found; 4. in the alleged overruling of certain claims of law; 5. in rulings upon the admission of evidence.

*Rollin U. Tyler*, for the appellant (defendant executor).

*Frank D. Haines*, for the appellee (plaintiff).

HAMERSLEY, J. The trial court did not err in overruling the demurrer to the complaint. The facts alleged justified the plaintiff in making the savings-bank, and Sarah A. Clark who claims an equitable right to the deposit, parties to the action. The case comes clearly within the provisions of the Practice Act, which provides for bringing before the court in one civil action all parties to the controversy involved, whose rights and interest in respect to the subject-matter are such that a complete determination of the controversy cannot be had without their presence. A complete determination of the controversy could not well be had without the exercise of equity jurisdiction. We have held that where several persons claim the whole, or portions, of a debt by adverse titles, and the debtor admits a certain amount to be due, although not to the full extent of the claim against him, the debtor is entitled to an action in the nature of interpleader, in which all parties in interest may be brought before a court and the controversy determined. *Consociated Presbyterian Society* v. *Staples*, 23 Conn. 544, 552. In that case the debtor brought his action in the form of a bill of interpleader. After the action had been heard upon its merits and the facts found, the cause was reserved for the advice of this court as to what decree should be passed. The claim was then made that the complaint could not be sustained as a bill of interpleader, because it did not admit any definite sum to be due the plaintiff, and under the English practice such admission was necessary. We held that the cause having been heard upon its merits, without any exception to this alleged defect, the court was

not bound to dismiss the bill for that cause; and further, that. our chancery practice was variant from that in England, and intimated that we might properly hold, when the question should arise, that our practice did away with the distinction between bills of interpleader and complaints in the nature of bills of interpleader. While this case was under consideration, the legislature authorized or recognized the use of an action in the nature of interpleader where the debt was subject to the liens created by process of foreign attachment, and authorized such action to be brought by the creditor. Public Acts of 1854, p. 6, Chap. 6. Subsequently the court was authorized, in its discretion, to allow the debtor defendant costs, to be deducted out of such debt. These provisions of the Act of 1854 appeared in the General Statutes of 1888 as §§ 1250 and 1268, and remained in force until 1893. In that year an Act entitled " An Act concerning Bills of Interpleader " was passed. Public Acts of 1893, p. 222, Chap. 42. The Act is much broader than its title. It enacts that whenever money or other property in the hands or possession of one person is claimed by two or more persons, any one of the parties interested may bring a complaint in equity, in the nature of a bill of interpleader, making all persons who claim to be interested in such money or property parties to the action, and that the court shall hear and dispose of all questions which may arise in such case. The Act recognizes a remedy not only in favor of a stakeholder, within the narrow meaning of the original bill of interpleader, but in favor of any party interested in property of any description in the nature of a fund held by one person and which he cannot safely turn over to its apparent owner by reason of conflicting claims made by others. It is broad enough to cover the present action, as well as the action in the nature of interpleader recognized by the Act of 1854; and the intention of the legislature to give it such broad effect is indicated by the fact that in enacting the Revision of 1902, the Act of 1893 is adopted as providing for an action in the nature of interpleader covering the whole subject (§ 1019),

and the provisions of the Act of 1854, which appeared in the Revision of 1888 as §§ 1250 and 1268, are omitted.

Money deposited in a savings-bank may be regarded as property of the depositor in the hands of the bank, and may be treated for certain purposes as visible and tangible property. *Osborn* v. *Byrne*, 43 Conn. 155, 159; *Graves* v. *Atwood*, 52 id. 512, 516. Such a deposit is, within the meaning of § 1019, "money or other property" in the hands or possession of the bank. The statute is a remedial one and is to be favorably construed. *Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86, 92, 93, 43 Atl. 555.

The claim that the court has found material facts without any evidence is unsupported by the record.

The court finds that none of the moneys on deposit in the Society for Savings, account No. 41,250, were the property of Sarah A. Clark, but that the amount on deposit was the property of Gilbert M. Clark at his death. This was a question of fact, and substantially the only fact in issue. The defendant executor assigns as error the claim that the facts set forth in the finding do not support this conclusion. It is sufficient if the facts found are not legally inconsistent with the conclusion; but in this case they are obviously sufficient to support it. A conclusion of this nature is, in the absence of any inconsistent subordinate fact found, one of fact drawn from all the evidence, and is conclusive and is binding upon us. *State* v. *French*, 60 Conn. 478, 481, 23 Atl. 153.

The court did not err in overruling the defendant's alleged claims of law. It appears from the finding that on November 10th, 1883, there was distributed to Sarah A. Clark, as her distributive share of the estate of Lucy Selden, about $2,000 in cash and other property; that of this amount Gilbert M. Clark then turned over to his wife $614 ($100 in cash and the remainder in other property), and divested himself of his rights and interests in said property as statutory trustee; and that there then was an oral agreement between him and his wife that the former, out of the cash coming to her upon the distribution, should

have $600 for his services in connection with her legacy and said estate, and on November 13th, 1883, Gilbert M. deposited $600 of the cash distributed to his wife to his account in his book No. 41,250 in the Society for Savings. There is nothing in the finding inconsistent with the conclusion of the court that this agreement, in view of all the circumstances disclosed by the evidence, was upon good consideration for the benefit of the wife. If the defendant executor's assignments of error can be treated as claiming that no agreement of this nature between a husband and wife married prior to 1877 can be valid in equity, and that the law is so that Mrs. Clark, having used the property turned over to her by her husband, can in equity, after seventeen years of acquiescence, hold her husband responsible to her as statutory trustee of the $600 he has expended in pursuance of their agreement, we think the claim cannot be maintained. In equity, contracts made directly between husband and wife, if bona fide and on good consideration, may be enforced by one against the other. *Corr's Appeal*, 62 Conn. 403, 409, 26 Atl. 478 ; *Comstock's Appeal*, 55 Conn. 214, 222, 10 Atl. 559. And such contract, for the benefit of the wife, is binding in equity, although the estate affected by it may not be held by her to her sole and separate use. *Haussman* v. *Burnham*, 59 Conn. 117, 133, 22 Atl. 1065 ; *Belden* v. *Sedgwick*, 68 Conn. 560, 564, 37 Atl. 417.

The claim that the plaintiff is estopped from proving in this action his ownership of the deposit in the Society for Savings, by reason of the peculiar finding of the commissioners in respect to the allowance of claims against his intestate's estate, was properly overruled. A fact as to which a conclusive estoppel of this kind can be invoked must be one established by a final judgment, and must have been in issue under the pleadings and have been actually litigated and determined. *Fuller* v. *Metropolitan L. I. Co.*, 68 Conn. 55, 65, 35 Atl. 766. The report of commissioners upon an intestate insolvent estate is not such a final judgment. *Bailey* v. *Bussing*, 37 Conn. 349, 353.

The other claims of law, alleged in the appeal to have been overruled, call for no mention, as they have no application to the facts as found by the court.

Upon the trial the court, against the objections of the defendant, admitted testimony for the purpose of showing that at and before the appointment of the plaintiff and his qualification as administrator, Sarah A. Clark, by her counsel and agents, made certain admissions and agreements, and certain promises .that the savings-bank book in question would be delivered to the plaintiff if he would undertake the administratorship, and other representations, which were inconsistent with claims subsequently made by Sarah A. Clark when testifying in her own behalf to determine the title of the bank-book in question, and also for the purpose of contradicting the testimony given by said Sarah A. Clark and showing that the claims made by her were false. The exceptions taken to the rulings of the court in the admission of such testimony, and assigned for error, are not well taken.

It is manifest from the record that the trial court was satisfied by the whole evidence that the $212 due upon Gilbert M. Clark's deposit-book at the time of his death, was his property, and that the claims interposed by Sarah A. Clark and her son, the defendant executor, to prevent the plaintiff from collecting this asset of the estate, were unjust, and that the testimony in support of these claims was untrue. None of the evidential and subordinate facts stated in the finding justify us in questioning the legality and correctness of this conclusion.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.