PATRICK J. CRONAN vs. CHARLES S. MERSICK ET AL.

Third Judicial District, Bridgeport, April Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An action in the nature of interpleader cannot be maintained in the Court of Common Pleas by a judgment debtor, against one defendant who claims the judgment by assignment and another defendant who has garnisheed the judgment debtor in a suit pending in the Superior Court.

Such an action is in effect a proceeding in which a court of equity assumes jurisdiction over and determines a controversy actually pending in a court of law, in which that court has full power to render final judgment, and the Court of Common Pleas has no jurisdiction to grant equitable relief against causes pending in the Superior Court.

If the action could be maintained, the judgment creditor would be a necessary party.

Argued April 15th—decided June 2d, 1908.

ACTION in the nature of interpleader, brought to the Court of Common Pleas in New Haven County and heard on demurrer before *Bennett, J.;* demurrer sustained and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

*James P. Pigott,* for the appellant (plaintiff).

*Charles S. Hamilton,* for the appellee (defendant Cox).

HAMERSLEY, J. This is an action in the nature of a bill of interpleader, alleging that the plaintiff, Patrick J. Cronan, is the judgment debtor of one Sussman Goldreyer; that the defendant Charles S. Mersick has an attachment lien upon the debt so due from the plaintiff to Goldreyer, by virtue of a garnishee process in an action brought by Mersick against Goldreyer, pending in the Superior Court, and that the defendant Cox claims that Cronan should pay to him the amount due on the judgment-debt to Goldreyer.

The only material facts alleged in the complaint are these: On February 26th, 1903, the Court of Common

VOL. LXXX—38

Pleas in New Haven County, in an action there pending, rendered judgment that Goldreyer recover of Cronan (the present plaintiff) the sum of $361.36. On April 7th, 1903, and before the issue of execution, said Cronan was served with process of foreign attachment by Mersick (one of the present defendants), in an action brought by said Mersick against said Goldreyer and returned to the Superior Court in New Haven County on the first Tuesday in May, 1903, which action is still pending therein. Cronan (the present plaintiff) and the attorney for said Goldreyer do not agree upon the amount of the judgment-debt now due and payable from said Cronan to said Goldreyer. Cox (the other present defendant) claims all the interest of Goldreyer in said judgment by virtue of an assignment from Goldreyer to him at some time not stated. The present plaintiff (Cronan) is and at all times has been ready and able to pay whatever sum he is liable for under said judgment rendered against him. The prayer for relief claims that the defendants, Cox and Mersick, interplead together concerning the ownership of, and the amount due on, said judgment of February 26th, 1903, and that both the defendants be restrained by injunction from taking any proceeding against the plaintiff in relation to said judgment.

This action was returned to the Court of Common Pleas on the first Tuesday of October, 1903, when the parties appeared. Subsequently the defendant Mersick died, and on November 30th, 1907, the defendant Cox filed a demurrer to the complaint.

If the plaintiff is entitled to proceed in equity for the purpose of settling the amount of Goldreyer's judgment against him and of determining the ownership of that judgment, then Goldreyer is a necessary party to the action; but the determination of the amount and ownership of the judgment is merely incidental to the primary purpose of the action, which is to enable a garnishee in an action pending against his creditor to bring the parties to that action, and others interested in its disposition, before a court of equity, to determine in such independent

equitable action questions affecting the garnishment. The plaintiff claims that such an independent equitable proceeding is authorized by § 1019 of the General Statutes of 1902. In 1854 an Act was passed authorizing such a proceeding in favor of the original creditor (who in the case before us would be Goldreyer); Comp. 1854, p. 140; and subsequently the court was authorized to allow in such action, if final judgment be rendered for the plaintiff, costs to the debtor defendant to be deducted out of such debt. Rev. 1888, §§ 1250 and 1268. We have recently held that § 1019, which was enacted in 1893 (Public Acts of 1893, p. 222, Chap. 42), was broad enough to cover the situation provided for by said Act of 1854, and that for this reason the provisions of that Act were omitted in the Revision of 1902. *Brown* v. *Clark*, 80 Conn. 419, 422, 68 Atl. 1001. Assuming, as the plaintiff claims, that § 1019 is broad enough to authorize this proceeding not only by the creditor of the person who has been garnisheed, but also by the garnishee, the proceeding would still be one in which a court of equity assumes jurisdiction over, and determines, a controversy actually pending in a court of law, in which that court had full power to render final judgment. *Darrow* v. *Adams Express Co.*, 41 Conn. 525, 536. In the present case the Court of Common Pleas is asked to grant such equitable relief against a cause pending in the Superior Court. It has no power to do this. Equitable relief against causes pending in the Superior Court was expressly excepted from the equity jurisdiction of the Court of Common Pleas when such a court was first established; Public Acts of 1869, p. 313, Chap. 93, § 4; and this exception is still in force. General Statutes, § 537. It is manifest that, for this reason, the trial court correctly sustained the demurrer to the complaint, and it is therefore unnecessary to consider other reasons of demurrer specified.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.