NILS E. NYSTROM *vs.* MARY J. BARKER ET ALS.

First Judicial District, Hartford, May Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In the absence of a finding of facts, no basis is laid for reviewing alleged errors in the charge of the trial court.
The incorporation in the finding of the entire evidence properly presents the question whether a verdict was rightly directed or not, and whether one was or was not rightly set aside; but further than this

it cannot serve, since this court has no power to find facts from evidence.

Where the evidence alone is all that is required to properly present the questions raised by the appellant, an alleged inadequacy in the finding cannot be harmful to him.

A contract containing no words purporting to bind the corporation of which its signers were in fact directors, but which they signed simply as individuals and without any indication that they acted or intended to act in its behalf or officially as its agents, is, upon its face and as matter of law, the contract of its individual signers and not that of the corporation.

In the present case a building-contract entitled "Specifications for carpenter and mason work on garage to be built for the Barker Auto Co." provided in its body that "N. E. Nystrom [the plaintiff] agrees to build garage . . . for the Barker Auto Co.," and was signed by the defendants merely as individuals. *Held* that the words "for the Barker Auto Co." had reference to the use of the structure and to its erection, and not to the obligation imposed by the contract or to the capacity in which its makers signed.

One of the signers was a woman, married before 1877, who owned stock in the corporation and acted jointly with her husband and the other directors in making the contract. *Held* that inasmuch as the building of the garage would add to the assets of the company and thus increase the value of her stock, the contract was one for her own benefit and the benefit of her separate estate, within the provisions of § 591 of the General Statutes.

Argued May 6th—decided July 13th, 1914.

ACTION to recover damages for breach of a building contract, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Smith, J.;* verdict and judgment for the plaintiff for $648, and appeal by the defendants. *No error.*

*Kendall M. Pierce,* for the appellants (defendants).

*Epaphroditus Peck,* for the appellee (plaintiff).

WHEELER, J. The plaintiff sued upon a building contract entitled "Specifications for carpenter and mason work on garage 60 x 99 feet, to be built on Riverside Avenue for The Barker Auto Co.," and in its body it

provided as follows: "N. E. Nystrom agrees to build garage . . . for the Barker Auto Co." It was signed by the defendants individually.

In their first defense the defendants alleged that the contract sued on was that of the Barker Auto Company, a corporation, and that they signed the same as directors of the corporation and in its behalf and not as individuals. In their second defense they allege fraud by means of false representations. In a special defense they allege that the defendant Mrs. Barker was, and is, the wife of the defendant Daniel Barker, and had been married prior to April 20th, 1877. They also filed a counterclaim alleging that the contract was intended by both parties to be one between the plaintiff and the corporation, and by way of equitable relief claimed, because of the alleged mutual mistake, a reformation of the contract by the addition of the words "Directors of said Corporation" after their signatures.

To the special defense, the plaintiff replied that the contract was made by Mrs. Barker since her marriage upon her personal credit, for the benefit of herself and of her separate and joint estate; and also that it was entered into by her jointly with her husband for the benefit of her estate and their joint estate.

The issues on the counterclaim were tried to the court and found in favor of the plaintiff.

No evidence of misrepresentation was before the jury; and no evidence was offered, aside from the contract, to show that the defendants intended to bind the corporation and did not intend to bind themselves individually.

Two questions only were before the jury: (1) Whether the contract was that of the Barker Auto Company, or that of the individual signers. (2) If the contract was that of the individual signers, whether the mar-

riage of Mrs. Barker prior to April 20th, 1877, prevented her becoming liable upon this contract.

The several parts of the charge complained of cannot be considered, in the absence of a finding of facts as required by the rules. The incorporation in the finding of the entire evidence properly presents the question of a directed verdict and that arising upon a motion to set aside a verdict; further than that it cannot serve, since this court has no power to find facts from evidence.

The defendants are not, in this instance, prejudiced by the inadequacy of the finding, since the only questions in the case are raised by the motions to direct a verdict and to set aside the verdict.

The defendants' first claim, that this contract is that of the corporation and not of the individual signers, is answered by an inspection of the contract. It contains no words purporting to bind the corporation, neither is it signed in its behalf, nor do the signatures indicate in any way that the signers acted officially or as agents, or intended so to act. *Jacobs* v. *Williams*, 85 Conn. 215, 219, 82 Atl. 202.

The words in the heading and body of the contract, that the garage is "for the Barker Auto Co.," refer to the use of the structure and to its building. By no possible construction can the words be construed to refer to the liability imposed by the contract, or to the capacity in which its makers signed.

There is thus nothing in the body of the contract indicating a corporate obligation, and nothing in connection with the signatures expressive of an agency, or of the official character of the signers. It is not a case of mutual mistake. Nor is it an attempt to hold a principal by showing his actual interest without attempting to secure the release of individual signers. Nor is it a case of an ambiguous contract, leaving the real

contract open to proof as some courts hold. The plaintiff was entitled to have had the jury directed that the contract upon its face was that of its signers and not that of the corporation.

The verdict of the jury upon the issues as framed meant that they found that the contract was not signed by the defendants as directors of the corporation and in its behalf. Upon this ground the motion to set aside the verdict was properly denied.

Mrs. Barker owned stock in the Barker Auto Company. For the benefit of that company she and the other directors contracted to build for it a garage. Jointly with her husband she signed this contract. The building of the garage would add to the assets of the company, and as a consequence increase the value of her stock interest. It was thus a contract, in fact, for her own benefit and for the benefit of her separate estate. It was as much for her benefit as an addition to her personal chattels, and it can make no difference that in the one case there is a direct increase in the quantum of her property and in the other an increase in its value. Our statute should not receive a construction which would permit a woman married before 1877 to buy stock in a corporation, become a director of it, enter upon contracts intended to increase the value of her investments in the corporation, and then retain the benefit and repudiate the obligation of her contract. This case is one where the wife's contract benefits her and her estate, and was made upon her personal credit. General Statutes, § 591. It does not fall within the decisions relied upon by the defendants. It is not a contract for the benefit of another, as in *Freeman's Appeal*, 68 Conn. 533, 37 Atl. 420; *Barlow Bros. Co.* v. *Parsons*, 73 Conn. 696, 49 Atl. 205; *Hart* v. *Goldsmith*, 51 Conn. 479; and *National Bank of New England* v. *Smith*, 43 Conn. 327. It falls within *Bid-*

*well* v. *Beckwith,* 86 Conn. 462, 468, 85 Atl. 682; *Belden* v. *Sedgwick,* 68 Conn. 560, 37 Atl. 417, and *Thresher* v. *Barry,* 69 Conn. 470, 37 Atl. 1064; and comes clearly under the statute.

There is no error.

In this opinion the other judges concurred.