*H. W. Harrington, J. W. Gordon,* and *J. R. Troxell,* for appellee.

---

## FRINK and Others *v.* TATMAN.

<div style="float:right">36 259<br>144 580</div>

DAMAGES.—*Measure of.*—*Contract.*—The measure of damages for the failure to manufacture and deliver an article according to contract is the difference between the price to be paid for the article on delivery and its market value; and this rule applies although the market value may be enhanced by the fact that the article is patented and the right to sell held exclusively by the party who contracted to have the article manufactured.

APPEAL from the Marion Circuit Court.

WORDEN, C. J.—Suit by the appellee against the appellants upon a written contract between the parties, by which the defendants agreed to build and deliver to the plaintiff two hundred or more sewing machines of the model which the plaintiff furnished the defendants, for which the plaintiff was to pay the defendants the sum of six dollars per machine, the machines to be delivered as the plaintiff might order, not to exceed nine per week, but all to be delivered within a year from the date of the contract, and the defendants to have two weeks notice upon each order. Breach, that the

defendants failed to make and deliver the machines in accord-ance with the contract.

Issue, trial, verdict, and judgment for the plaintiff for the sum of six hundred and twenty-five dollars, a motion for a new trial being overruled and exception taken.

There are two points only made by counsel for the appel-lants, for the reversal of the judgment: first, that the court adopted an erroneous rule for the measure of damages, and; second, that the damages assessed are excessive.

It appeared on the trial that the defendants failed to manu-facture or deliver any of the machines, and the court per-mitted evidence to go to the jury, over the objection of the defendants, of the market value of the machines at the time they were to have been delivered, and instructed the jury that the measure of damages was the difference between the price to be paid for the machines and their market value at the time they were to have been delivered. The machine seems to have been a patented article, known as the " Little Giant," and the plaintiff had a license to vend the same.

It is not controverted that the rule for the measurement of damages adopted by the court would have been correct, had the article to be manufactured and delivered not been a patented article. As applied to contracts for the manufac-ture and delivery of articles not patented, the rule applied seems to have been correct. *McAroy* v. *Wright*, 25 Ind. 22. But it is contended by counsel for the appellants, that inas-much as the royalty, or exclusive right to vend the patented article enters into and enhances the market value of the article, a different rule of damages should prevail. It is believed that there is no authority for the distinction sought to be drawn, nor are we aware of any to the contrary.

As a general rule, it may be laid down, "that the amount which would have been received if the contract had been kept, is the measure of damages if the contract is broken." *Alder* v. *Keighley*, 15 Mees. & W. 116; Sedgw. Dam., 5th ed., p. 219. The rule applied in the case under consideration is in entire harmony with that stated by the court of ex-

chequer, as above cited. The market value of the articles was equivalent to the articles themselves, and from that was properly deducted the amount to be paid for them by the plaintiff because payment had not been made. This was giving to the plaintiff just the equivalent of what he would have received if the contract had not been broken.

After some consideration, we have come to the conclusion that the distinction sought to be drawn, as above stated, is not well founded. The market value of a patented article may be, and, in most instances probably is, considerably greater than if it were not patented, because the patentee has a monopoly of the market, and can fix such a price as will yield him the greatest revenue. The patentee may fix the price of the article so little above the cost of production as that he will derive but a nominal benefit from his patent; or he may fix the price so high as to be prohibitory of sales, and thereby derive as little benefit from his patent as in the other instance; or again, he may fix the price of the article at a point the highest it will bear, consistent with ready sales and a general use of the article, and this price will probably yield him the greatest revenue, and, perhaps, may be regarded as a close approximation to the market value of the article. The price or market value of a patented article will, like articles not patented, be regulated by the law of demand and supply, and, for aught we can perceive, may be as fixed and determinate as the price or value of an article not patented.

The plaintiff was damnified by the defendants' failure to make and deliver the machines, just to the extent of the market value of the machines, (less, of course, the amount he was to pay therefor) because he must be supposed to have been able to turn them into ready money at their market value, and it cannot be material that the market value was enhanced by the fact that the machines were patented. He had a right to the benefit of the patent in whatever degree it entered into the market value of the article.

We are of opinion that no error was committed in respect to the rule of damages.

Upon an examination of the evidence, we cannot say that the damages assessed were excessive.

The judgment below is affirmed, with costs.

*A. G. Porter*, *B. Harrison*, and *W. P. Fishback*, for appellants.
*M. M. Ray*, *J. W. Gordon*, and *W. March*, for appellee.