[No. 3754.  Decided April 6, 1901.]

RACHAEL C. JOHNSON, *Appellant*, v. HARL J. COOK *et al., Defendants*, J. W. CHAPMAN, *Respondent.*

BONDS — ACTION FOR BREACH — WHETHER DAMAGES LIQUIDATED OR IN NATURE OF PENALTY.

A bond in the sum of $3,000, conditioned that the obligor shall build or cause to be built upon certain premises within a given time a house which shall cost not less than $2,000, and that he will pay all liens or incumbrances thereon which may be, or threaten to become, prior to a mortgage thereon in favor of the obligee, contemplates that the sum named in the bond shall be in the nature of a penalty and not liquidated damages.

SAME — WHEN GIVEN AS GUARANTY — LIABILITY AFTER EXHAUSTION OF PRIOR SECURITY.

Where a bond conditioned that the obligor will build a house of an agreed value upon mortgaged premises within a stipulated time is given as additional security for the mortgage thereon, in an action on the bond for breach of the condition to build the obligee is not entitled to other than nominal damages, when the mortgaged premises have not been sold under foreclosure and the amount of deficiency determined.                    ,

APPEAL — REFUSAL TO ALLOW NOMINAL DAMAGES — HARMLESS ERROR.

Although error may have been committed in giving defendant judgment on the pleadings, in an action for damages for breach of a bond, when the pleadings show plaintiff entitled to nominal damages, yet the cause should not be reversed merely that nominal damages may be assessed, as no substantial right is affected by the error.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.  Affirmed.

Samuel R. Stern, for appellant.

F. T. Post, for respondent.

The opinion of the court was delivered by

MOUNT, J.   This   action   was   brought by plaintiff against defendants to recover upon a bond.  The com-

plaint, omitting the formal parts and paragraphs not necessary to a determination of the questions presented here, is as follows:

"1. That the defendants Harl J. Cook and Mara S. Cook being desirous of obtaining a loan from the plaintiff, for the sum of $3,750, and which said loan was to be secured by a mortgage upon various lots situated in Liberty Park addition, and upon lot 15, block 3, Cook & Byer's addition to the city of Spokane, Wash., as an inducement to the plaintiff to make the said loan aforesaid said defendants agreed to construct upon lots 22 and 23 of block 6, in Liberty Park addition to the city of Spokane, Washington, and which said lots were included in said mortgage, a house which, exclusive of the foundation then built thereon, was to cost not less than the sum of $2000, and to be completed within six months from said April 26, 1892.

"3. That to insure the erection and completion of said house, which was to cost the sum of $2,000, and to be completed within the six months hereinbefore referred to, and to secure this plaintiff against any loss or damage on account of the failure to thus build said house, and to expend the said sum of $2,000 in the building thereof, the defendants herein, in consideration of making said loan and the advancement of the sum of $3,750 by this plaintiff, made, executed and delivered to the plaintiff, their written obligation as follows, to-wit:

" 'Know all men by these presents: That we, Harl J. Cook and Mara S. Cook, his wife, as principals, and J. W. Chapman and E. M. Lownes, as sureties, are holden and firmly bound unto Rachel C. Johnson of New York City in the sum of Three Thousand Dollars, for the payment of which to the said Rachel C. Johnson, or her executors, administrators, or assigns, we hereby jointly and severally bind ourselves, and our heirs, executors, and administrators firmly by these presents.

"The condition of this obligation is such that if the above bounden Harl J. Cook and Mara S. Cook shall well and truly build, or cause to be built, a house upon the premises known as lots 22 and 23 of block 6, in Liberty

Park addition (so-called), within six months from date hereof, and to be completed within said time, and which shall cost not less than the sum of two thousand dollars; and shall well and truly pay, or cause to be paid, all liens, · incumbrances, claims, or demands of any kind, name, or nature against the said property which may be prior, or threaten to become prior, liens or claims to the mortgage of the said Rachel C. Johnson, dated April 11, 1892, and acknowledged on that day, and shall save and keep harmless the said Rachel C. Johnson of and from the payment of all moneys by reason of any liens or incumbrances upon said property existing, or which are likely to exist or be made, against said property, together with any interest paid on any such sums, then this obligation to be null and void; otherwise, to remain in full force and effect.

"In witness whereof we have hereunto set our hands and seals this April 26, 1892.

(Signed)          Harl J. Cook.
                  Mara S. Cook.
                  J. W. Chapman.
                  E. M. Lownes.

"Signed and sealed
   in presence of
     Martin B. Connelly.
     Walter E. Mariner.'

"4.   That said plaintiff, relying upon said agreement, advanced to the defendants Cook the sum of $3,750, but neither of said Cooks, nor any one else for or in their behalf, erected, within six months from said April 26, 1892, or have ever erected, a house upon the said premises hereinbefore described, and the said premises have remained in the same condition that they were in at the time said agreement was entered into.

"5.   That no part of the said sum of $3,750 has ever been paid, nor the sum of $3,000 agreed to be paid by virtue of the instrument hereinbefore set out, this to the damage of this plaintiff in the sum of $3,000 with interest thereon from April 26, 1892, at the rate of 10 per cent. per annum."

Defendant Chapman, answering separately, denied the paragraphs above mentioned, except that he admitted the execution of the bond, and that the house named therein was never erected; and, further answering, alleged:

"1.    That this plaintiff loaned said defendants Cook the sum of three thousand seven hundred fifty ($3,750) dollars, taking as security therefor a mortgage on various lots in Liberty Park addition to the city of Spokane, in said county, and the said parties Cook also agreed to construct a house upon lots twenty-two (22) and twenty-three (23) of block six (6) of said addition, being two of the lots described in said mortgage, and the bond set out in the complaint was given as additional security for said loan.

"2.    That the plaintiff did, on various occasions, give extensions of time to said defendants Cook for the payment of their said indebtedness, and parts thereof, without the knowledge or consent of this defendant, to his damage and injury and thereby released this defendant as a surety upon any and all obligations under said bond."

And further alleged:

"5.    For further answer, and by way of defense, this defendant alleges, that an action has been commenced by the plaintiff  and is now pending in the above entitled court for the foreclosure of the mortgage referred to in the complaint; that the property described in said mortgage is of great value, and, in case a decree of foreclosure is granted, may sell for enough to pay said indebtedness in full."

Plaintiff in her reply admitted paragraphs 1 and 2 of the fourth defense and all of the fifth defense, except that the property was of great value, and alleged that the same was not worth to exceed $1,000.   When the cause was called for trial, defendant moved for judgment upon the pleadings; which motion was by the court sustained, and judgment of dismissal entered.   Plaintiff appeals.

The principal question presented upon this appeal is

whether the sum named in the bond, viz., $3,000, is a penalty or liquidated damages. If the said sum named is liquidated damages, the plaintiff is entitled to recover the whole thereof; if a penalty, she is entitled to recover the actual damages suffered by reason of the violation of the terms of the bond. The pleadings concede the execution of the bond and its violation; also that the mortgage given at the time the bond was given had not, at the time of the bringing of this action, been foreclosed. The complaint was prepared upon the theory of liquidated damages. Mr. Pomeroy, in his work on Equity Jurisprudence, after stating that it is well settled that if the intent of the parties to the contract is at all doubtful, the tendency of the courts is in favor of the interpretation which makes the sum a penalty, and that it is impossible to formulate a general rule by which the question of penalty or liquidated damages can be determined in every instance, gives the following as rules which have been established by judicial authority:

"First. Wherever the payment of a smaller sum is secured by a larger, the larger sum thus contracted for can never be treated as liquidated damages, but must always be considered as a penalty.

"Second. Where an agreement is for the performance or non-performance of only one act, and there is no adequate means of ascertaining the precise damage which may result from a violation, the parties may, if they please, by a separate clause of the contract, fix upon the amount of compensation payable by the defaulting party in case of a breach; and a stipulation inserted for such purpose will be treated as one for 'liquidated damages,' unless the intent be clear that it was designed to be only a penalty.

"Third. Where an agreement contains provisions for the performance or non-performance of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon a violation of any or of all

such provisions, and the sum will be in some instances too large and in others too small a compensation for the injury thereby occasioned, that sum is to be treated as a penalty, and not as liquidated damages.   .   .   ."

"Fourth.   Whether an agreement provides for the performance or non-performance of one single act, or of several distinct and separate acts, if the stipulation to pay a certain sum of money upon a default is so framed, is of such a nature and effect that it necessarily renders the defaulting party liable in the same amount at all events, both when his failure to perform is complete, and when it is only partial, the sum must be regarded as a penalty, and not as liquidated damages.   .   .   ."

"Fifth.   Finally, although an agreement may contain two or more provisions for the doing or not doing different acts, still, where the stipulation to pay a certain sum of money upon a default attaches to only one of these provisions, which is of such a nature that there is no certain means of ascertaining the amount of damages resulting from its violation, or where all of the provisions are of such a nature that the damages occasioned by their breach cannot be measured, and a certain sum is made payable upon a default generally in any of them,—in each of these cases, the sum so agreed to be paid may be considered as liquidated  damages,  provided, of course, that the language of the stipulation does not bring it within the limitations of the preceding fourth rule.   .   .   ."    Pomeroy, Equity Jurisprudence, §§ 441-445.

It seems from these rules that where the damages are uncertain, and cannot be determined with accuracy, then the sum named in the bond may be considered as liquidated damages.   This case certainly does not fall within this rule, because a house costing $2,000 would certainly be worth no more than it cost, and "liens, incumbrances, claims, and demands" must of necessity become certain and capable of accurate determination.   These items are not like damages arising from loss of business occasioned by failure to deliver certain goods at a particular time or

place, or like damages arising from delay in performing contracts and items of this nature. The agreement, then, must fall within one of the rules which construes the same to be a penalty, and we have no doubt that the fourth rule fully covers the contract in question here. This bond provides for the erection of a house costing not less than $2,000, and also for the payment of liens, etc. After the house had been erected it was still the duty of the obligors to pay the liens, etc., and a violation of any of these obligations would have subjected defendants to the same kind of an action; for the bond cannot be interpreted to be for "liquidated damages" as to the house, and for a "penalty" as to the other liens. The complaint makes no allegation of any breach except the failure to erect the house; presumably there was no other. If the house had been erected as provided, and $100 in liens filed against the property, could any one seriously contend that the defendants would be liable for $3,000 under the bond, because of failure to pay $100? Assuredly not. And yet this principle must apply with less force, when it is claimed, as here, that for failure to erect the house defendants must pay $3,000. Plaintiff alleges in paragraph 3 that the bond was executed and delivered to secure the erection and completion of the house, "and to secure this plaintiff against any loss as damages on account of the failure to thus build said house." If there could be any doubt as to whether or not the sum named should be construed to be a penalty, this allegation would certainly settle the doubt in favor of such construction. The sum named in the bond must be held to be a penalty. See, also, 1 Sedgwick, Damages (8th ed.), § 408 *et seq.;* 2 Story, Equity Jurisprudence (13th ed.), § 1314 *et seq.;* 1 Sutherland, Damages (2d ed.) § 283 *et seq.; Long v. Pierce County,* 22 Wash. 330 (61 Pac. 142).

The sum named in the bond being a penalty, it follows that, in order to recover upon it, the plaintiff must show by his complaint some damages occasioned by the breach of the conditions. It is true that this complaint, in addition to the allegation of a breach, also alleges non-payment of any part of the money borrowed for which the bond was given as additional security, and "this to the damage of plaintiff in the sum of $3,000." It also appears from all the pleadings, and is admitted in the argument, that the plaintiff loaned the defendants the said sum of $3,750, taking a mortgage upon certain lots in Spokane as security therefor, and that the bond sued on herein was an additional security for the payment of that sum of money. It is also admitted that the mortgage has not yet been foreclosed. The defendant in his answer alleges: "The property described in said mortgage is of great value . . . and may sell for enough to pay said indebtedness in full." Plaintiff alleges in reply that said property is not worth to exceed $1,000. Under these allegations, it follows that before foreclosure and sale the damages in this case must be more or less speculative; that the amount thereof may be determined with accuracy only after the other security is exhausted. When the mortgaged property is sold, if money enough is realized therefrom to pay the mortgage with interest and costs, then there is no liability under the bond. If, on the other hand, the mortgaged property sells for less than the sum borrowed, with interest and costs, plaintiff's damage is readily and certainly determined. In justice to defendants, it seems that plaintiff should exhaust her mortgage security so as to remove the uncertainty and speculation as to the value of the security. Under the terms of the bond, defendants were bound to build a house costing not less than $2,000 within six months from April

31-24 WASH.

26, 1892. This they failed to do. By failure to comply with this obligation they guaranteed, to the extent of the value of the property with the house, the payment of the original debt. Surely, it could not be reasonably contended that there was any greater liability than this. Relative to a guarantor, the weight of authority is that, where a third party guarantees the payment of a note secured by mortgage, he is not liable on the guaranty until after resort is had to the mortgage security. 2 Sutherland, Damages (2d ed.), § 734; 14 Am. & Eng. Enc. Law (2d ed.), 1155; *Barman v. Carhartt,* 10 Mich. 338; *Johnson v. Shepard,* 35 Mich. 115; *Dewey v. W. B. Clark Investment Co.,* 48 Minn. 130 (50 N. W. 1032, 31 Am. St. Rep. 623); *Newell v. Fowler,* 23 Barb. 628.

We do not mean by this to hold that the complaint fails to state a cause of action; for here the complaint alleges a contract and breach, from which nominal damages must be presumed. *Pollard v. Porter,* 3 Gray, 312.

Appellant insists that, because nominal damages could be recovered, the cause should be reversed for a new trial, for the reason that this court will consider all amendments which could have been made as made. In this cause the only amendment which could be made to bring the case within the rules herein announced is an allegation of the worthlessness of the security or that the foreclosure has already been made with loss. Neither of these allegations can be made under the pleadings, because both are negatived by the plaintiff.

If the court erred in dismissing the cause, the error did not affect a substantial right, and the cause will not be reversed merely that nominal damages may be assessed. *State v. French,* 60 Conn. 478 (23 Atl. 153); *Coffin v. State,* 144 Ind. 578 (43 N. E. 654, 55 Am. St. Rep. 188); *McIntosh v. Lee,* 57 Iowa 356 (10 N. W.

895); *Glasscock v. Rosengrant,* 55 Ark. 376 (18 S. W. 379); *McConihe v. New York & Erie R. R. Co.,* 20 N. Y. 495 (75 Am. Dec. 420).

Under this view of the case it is unnecessary to discuss the other questions presented in the briefs.

The judgment is affirmed.

REAVIS, C.J., and FULLERTON, DUNBAR and ANDERS, JJ., concur.