## JOHNSON v. SOUTHWESTERN SURETY INS CO.

(District Court, D. Oregon. July 21, 1913.)

No. 5,923.

PRINCIPAL AND SURETY (§ 81*)—SURETY BOND—PENALTY.

The sum mentioned in the surety bond given to secure performance of an improvement contract will be regarded as a penalty, and not liquidated damages, the plaintiff in an action thereon being entitled to recover for breach only actual compensation, when capable of ascertainment; and where there is nothing in the record to indicate that it would be either

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

difficult or impossible to assess actual damages from testimony, there being no evidence as to the actual damage suffered, plaintiff's recovery will be limited to nominal damages.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 126; Dec. Dig. § 81.*]

At Law. Action by Lee A. Johnson against the Southwestern Surety Insurance Company. Judgment for plaintiff.

William C. Bristol, of Portland, Or., for plaintiff.

Chester V. Dolph, of Portland, Or., for defendant.

BEAN, District Judge. This is an action on a bond executed by one E. T. Allen as principal and the defendant company as surety, by the terms of which they acknowledged themselves bound to one Swartz, the plaintiff's assignor, in the sum of $5,000, the conditions being:

"Whereas, the above principal has contracted to plant to commercial orchard of standard apples certain tracts of land covered by mortgages for the unpaid purchase price, and the planting has not been completed on all of the tracts: The conditions of this obligation are such that, should said principal complete the planting of [certain described real property] to commercial orchard, in a scientific manner and method, then this obligation shall be null and void; but otherwise to remain in full force and effect."

The plaintiff in his complaint alleges the necessary jurisdictional facts, the incorporation of the defendant, the execution of the bond, its assignment to the plaintiff with the consent of the surety, the failure of Allen to plant the orchard as agreed, notice thereof to the surety, the demand on the surety for the payment of the penalty named in the bond, and its refusal, and demands judgment for the full penal sum stated in the bond. The case was tried before the court upon stipulation of the parties without the intervention of a jury.

The evidence fully sustains the allegations of the complaint. Indeed, there is no controversy but what the bond was executed as alleged, that it has been assigned to plaintiff, and that Allen failed to comply with its conditions. The defendant contends, however, that the plaintiff is entitled to nominal damages only, because there is no averment that he suffered any actual damages by the breach of the bond, and there was no proof offered from which such damages can be ascertained. The object of the bond was to secure the performance of Allen's contract to plant the orchard. It was therefore conditioned for the performance of a collateral agreement, and the presumption is that it was intended to cover any actual damages that might be sustained by the breach of such agreement.

The great principle underlying actions for breach of contract is compensation or reimbursement for the loss sustained. The courts, therefore, are always disposed to adopt the construction that the sum mentioned in an instrument of the kind now under consideration is a penalty, and not liquidated damages, and to confine the recovery for a breach to actual compensation, when it is capable of being ascer-

tained, rather than to adopt the construction which, without reference to the actual damages, fixes the amount of recovery before a breach. 19 Enc. of Law, 402. 13 Cyc. 95; O'Keefe v. Dyer, 20 Mont. 477, 52 Pac. 196; Chicago House Wrecking Co. v. U. S., 106 Fed. 385, 45 C. C. A. 343, 53 L. R. A. 122; Johnson v. Cook, 24 Wash. 474, 64 Pac. 729. When there is no adequate means of ascertaining the damages from a breach of a contract, the parties may, perhaps, by apt language, fix in advance the amount payable in that event, and, where the actual damages are necessarily so speculative and uncertain as to be incapable of definite ascertainment, the sum stipulated in the bond will be regarded as liquidated damages, and may be recovered without proof of actual damages, unless it is so manifestly so disproportionate to the injury as to be unconscionable. Salem v. Anson, 40 Or. 339, 67 Pac. 190, 56 L. R. A. 169, 91 Am. St. Rep. 485; Harris v. Miller (C. C.) 11 Fed. 118; Hull v. Angus, 60 Or. 95, 118 Pac. 284.

But the bond in suit does not come within this rule. There is nothing in the instrument itself to evidence an intention of the parties that the sum stated therein should be considered as liquidated damages, even if such a stipulation would be enforced. Chicago House Wrecking Co. v. U. S., supra. And there is nothing in the record to indicate that it would be either difficult or impossible to assess the actual damages from testimony. Indeed, it is not apparent that any particular difficulty will be encountered in showing the damages resulting from the breach of the condition of the bond. Upon the pleadings and evidence as they now stand, the plaintiff is limited to a recovery of nominal damages only. 2 Page, Contracts, 170; Johnson v. Cook, supra. But, since it is probable that he has in fact suffered actual damages, he ought not to be dismissed from court without relief.

The entry of judgment will be deferred for 10 days to give time for the consideration of the authority and advisability of permitting the complaint to be amended, if the plaintiff, within the time stated, applies for leave to do so.